FORET, Judge.
MOTION TO DISMISS
The defendant-appellant, State of Louisiana, Louisiana National Guard, moves to partially dismiss the answer to appeal filed by the plaintiffs, Clifford Price, et al., as being an improper vehicle for appeal.
The plaintiffs in this matter are forty-two (42) owners of residential properties located from two to seven and one-half miles from Camp Beauregard, a Louisiana National Guard Training Center in Rapides Parish. The plaintiffs brought suit alleging that demolition exercises conducted at Camp Beauregard in 1976 and 1977 caused damage to their property.
In his reasons for judgment, the trial judge granted judgment in favor of twenty-six of the plaintiffs and dismissed the demands of the other sixteen plaintiffs. A judgment to this effect was signed on April 6, 1983. .
On April 13, 1983, the defendant-appellant, State of Louisiana, Louisiana National Guard, suspensively appealed the judgment rendered against the State and in favor of the twenty-six plaintiffs. No appeal was filed on behalf of any of the plaintiffs. On July 13,1983, counsel for the plaintiffs filed an answer to the appeal filed by the defendant-appellant. In the Answer to Appeal filed on behalf of the plaintiffs-appellees, the counsel for the plaintiffs not only sought to increase the awards to the twenty-six plaintiffs in whose favor the judgment was rendered but also attempted to have reversed the judgment dismissing the claims of the sixteen other plaintiffs.
The defendant-appellant has moved to dismiss that portion of the Answer to Appeal which attempts to reverse the decision of the trial court.
Code of Civil Procedure Article 2133 provides:
“An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than 15 days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appel-lee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an ap-pellee files such an answer, all other parties to the incidental demand may file similar answers within 15 days of the appellee’s action.”
Article 2133 provides a vehicle by which an appellee may seek modification of a trial court judge by answering an appeal. The defendant-appellant appealed the trial court judgment as to the twenty-six plaintiffs in favor of whom judgments were granted against the defendant. The defendant-appellant did not appeal any portion of the judgment dismissing the claims of the other sixteen plaintiffs. Thus, these sixteen plaintiffs are not appellees as contemplated by Article 2133 and therefore must seek modification of the judgments against them by ordinary appeal. Ogaard v. Wiley, 325 So.2d 642 (3rd Cir.1975), Shel *1305 ton v. Aetna Casualty and Surety Company, 344 So.2d 406 (La.1976).
That portion of the Answer to Appeal which attempts to bring before this court the sixteen plaintiffs whose claims were dismissed in the trial court is hereby dismissed at their costs.
MOTION GRANTED.