470 So.2d 647 (1985)
James HENLEY
v.
STERLING DRUGS, INC., et al.
No. CA 85 0134.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
Edward Cloos, New Orleans, for plaintiff, first appellantJames Henley.
Alton Lewis, Hammond, for defendant, second appellantState Farm Fire & Cas.
Stephen N. Elliott, Metairie, for defendant, appellee.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
Defendants-appellees, Sterling Drugs, Inc., et al (Sterling), have filed this motion to dismiss an appeal by plaintiffs-in-intervention, State Farm Fire and Casualty Insurance Company (State Farm).
James Henley filed suit for damages allegedly caused by a defective product manufactured and sold by Sterling. State Farm subsequently filed an intervention action seeking to recover $26,213.86 paid to its insured, Henley, as compensation for damages suffered allegedly because of the defective product. On January 31, 1984, a jury rendered a verdict in favor of Sterling, effectively dismissing State Farm's suit. On April 2, 1984, the trial court signed the judgment, and, as requested by State Farm, notice of judgment was mailed by the clerk on the same day, April 2, 1984.
No motion for a new trial was made, so the delay allowed for a devolutive appeal was sixty-seven (67) days, from April 2 to June 11 (June 10 was a Sunday). Henley filed a motion for an appeal, and an order of appeal was signed on June 11, 1984. State Farm filed a motion for an appeal on June 12, 1984, and an order of appeal was signed on the same day. On June 22, 1984, State Farm filed an answer to the appeal.
In brief in opposition to the motion to dismiss, State Farm claims it was allowed to file a devolutive appeal within ten days beyond the June 11, 1984, deadline, citing *648 LSA C.C.P. art. 2087. In the alternative, State Farm argues that its answer to the appeal filed on June 22, 1984, was proper under LSA C.C.P. art. 2133.
In brief in support of the motion to dismiss, Sterling argues that State Farm is not an "appellee" for purposes of art. 2133, because the interests of Henley and State Farm are aligned.
The central issue presented is whether or not State Farm can be considered an "appellee" under arts. 2133 or 2087. The purpose behind art. 2133 is to allow an appellee an opportunity to answer the appellant. See Comment C of art. 2087. Henley cannot be considered an appellant in relation to State Farm because State Farm's interest would not be adverse to the reversing or setting aside of the judgment appealed. Indeed, if Henley were to prevail on appeal, State Farm's interest would be enhanced for it could then file, if needed, another action and assert its right to subrogation.
The pertinent part of art. 2087 reads: When a devolutive appeal has been timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article and within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.
The purpose of this section is to allow an appellee an opportunity to protect against other appellees his rights which could be injured by any change through the first appeal. See Comment C of art. 2087.
Any change in the original judgment that takes place through Henley's appeal will benefit State Farm. Consequently, State Farm is not an appellee for purposes of art. 2087. State Farm's direct interest in the lawsuit is whether or not it has subrogation rights or the right to receive payment from Sterling if the latter is found liable. This is an issue between State Farm and Henley, not between State Farm and Sterling. Thus, under the facts of this case, State Farm had until June 11, 1984, to appeal. Because we find that State Farm was not an "appellee" under either LSA C.C.P. arts. 2087 or 2133, we must dismiss its appeal.
For the foregoing reasons, State Farm's appeal is dismissed at State Farm's costs.
APPEAL DISMISSED.