WATKINS, Judge.
Little Ford, Inc. has filed an “Answer to Appeal.” Because it was not a party to the judgment appealed from, and because it complains of an unsigned judgment rendered against it, we dismiss Little Ford’s “Answer to Appeal.”
STATEMENT OF FACT
On February 8, 1985, Citizens Bank and Trust Co. (“Citizens Bank”) filed a petition for executory process against Little Ford, Inc. (“Little Ford”), an automobile dealer in Plaquemine, Louisiana. Citizens Bank al *817 leged that Little Ford had defaulted on various secured promissory notes and sought the seizure and sale of Little Ford's revolving stock of inventory. After a number of Ford and Chrysler automobiles were seized, Ford Motor Credit Co. (“Ford Credit”) filed a petition for intervention on April 4.1985. Ford Credit asserted that its chattel mortgages and vendor’s privilege were superior to the rights of Citizens Bank in the seized automobiles. The automobiles were subsequently sold at a sheriff’s sale. Some of the seized automobiles were apparently sold at private sales and the remainder at a sheriff’s sale on May 1, 1985.
Before trial on the intervention, Little Ford submitted a “Motion” to the court, requesting, inter alia, that all proceeds from the sale of Chrysler automobiles, and all proceeds in excess of $500,000.00 from the sale of Ford automobiles, be returned to Little Ford. Trial was held on May 15, and May 20, 1985 to determine the relative rights of the parties to the proceeds of the sheriff’s sale. However, the trial court refused to permit Little Ford to participate in the trial[1] but no written judgment to this effect was ever signed. After trial, the trial court signed a judgment, on June 6.1985, and an amended judgment, on June 21, 1985 ranking the liens and ordering the disbursal of the net proceeds of the sheriffs sale to Citizens Bank and Ford Credit. Little Ford’s claim to the proceeds was not mentioned in either the judgment or amended judgment, and Little Ford was not a party to either judgment.
Ford Credit appealed from the June 21 amended judgment. Little Ford filed an “Answer to Appeal.” Citizens Bank then filed the present motion to dismiss Little Ford’s answer.
STATEMENT OF LAW
It is well-established in Louisiana jurisprudence that one must be an appellee in order to file an answer to an appeal. See Henley v. Sterling Drugs, 470 So.2d 647 (La.App. 1st Cir.1985); Price v. State of Louisiana National Guard, 436 So.2d 1303 (La.App. 3d Cir.1983); Borne v. Mike Persia Chevrolet Co., 396 So.2d 326 (La. App. 4th Cir.), writ denied, 401 So.2d 976 (La.1981); Darouse v. Mamón, 201 So.2d 362 (La.App. 1st Cir.1967). The judgment appealed from by Ford Credit does not name Little Ford as a party to that judgment. Little Ford is therefore not properly before the court as an appellee.
Little Ford complains of its exclusion from the trial as well as the trial court’s holding that it was not entitled to any part of the proceeds of the sheriff's sale. However, the trial court’s judgments, denying Little Ford the right to participate in the trial and, implicitly, denying it the right to the proceeds of the sheriff’s sale, were not signed. Little Ford is entitled to a written judgment, signed by the trial court, from which it may appeal in its own right. Accordingly, we will direct the trial court to sign a judgment denying Little Ford’s right to participate in the trial and to receive any part of the proceeds of the sheriff’s sale. LSA-C.C.P. art. 1911.
Although we will dismiss Little Ford’s “answer to appeal”, we note that it may properly appeal the adverse judgments after signature by the trial court. LSA-C.C.P. art. 1841, 1911.
Because Little Ford’s contentions are inextricably interwoven with the resolution of the issues before us in Ford Credit’s appeal, we will stay our consideration of that appeal. The matter will be stayed for a period of sixty days, in which Little Ford should obtain the signed judgment, perfect an appeal and lodge the record with this court. At that time we will consolidate the two appeals and consider them together. There will be no further briefing in this matter.
ACCORDINGLY, Little Ford’s answer to the appeal is dismissed, and consideration of the Ford Credit appeal is stayed until *818 sixty days from the date Little Ford obtains signed judgments from the trial court.
APPEAL STAYED; ANSWER TO APPEAL DISMISSED.

. The trial court made the following remarks at the trial on May 15, 1985, after Little Ford sought to be heard:
THE COURT: As far as Mr. Arbour [the attorney for Little Ford], from my understanding of the law, you are not properly in this particular hearing.