702 So.2d 26 (1997)
James A. BEASON, Plaintiff-Appellant,
v.
RED BALL OXYGEN COMPANY, INC., Defendant-Appellee.
No. 29894-WCA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1997.
*27 Wallace & Long by William R. Long, Shreveport, for Plaintiff-Appellant.
Mayer, Smith & Roberts by Kim Purdy Thomas, Shreveport, for Defendant-Appellee Wausau Insurance Company.
Patricia L. Barfield, Baton Rouge, for Defendant-Appellee Red Ball Oxygen Company, Inc. and Louisiana Workers' Compensation Corp.
Before MARVIN, C.J., and WILLIAMS and CARAWAY, JJ.
WILLIAMS, Judge.
The claimant, James Beason, appeals the workers' compensation hearing officer's grant of summary judgment in favor of defendant, Wausau Insurance Company ("Wausau"). The hearing officer found that Wausau was not the employer's insurer on the last date of injurious exposure and thus was not liable to pay benefits to claimant. For the following reasons, we affirm.

FACTS
The claimant began working for the defendant, Red Ball Oxygen Company ("Red Ball"), in 1990. Wausau provided worker's compensation coverage to Red Ball from April 1, 1991 to April 1, 1993. The policy covered bodily injury by disease caused by conditions of employment when the worker's last exposure occurred during the policy period. Following the expiration of Wausau's policy, Red Ball obtained insurance from the defendant, Louisiana Worker's Compensation Corporation ("LWCC").
During his employment, claimant performed repetitive arm, hand and wrist movements as part of his work activities, which caused him to contract an occupational disease. He first sought medical treatment in June 1994, when he was examined by Dr. John Knight. In his deposition, Dr. Knight stated that the claimant's health deteriorated as a result of repeatedly performing injury-causing activities until he was unable to continue working. Claimant's last date of employment was September 14, 1995, when the employer was insured by LWCC. The parties do not dispute that the claimant has sustained a disabling occupational disease and is entitled to receive compensation benefits.
Claimant filed a worker's compensation claim against Red Ball and Wausau, which filed a third party demand against LWCC for contribution and indemnification based on the coverage dates of the insurance policies. Claimant amended his petition to add LWCC as a defendant.
Subsequently, Wausau filed a motion for summary judgment contending that it was *28 not liable to pay benefits because its coverage of Red Ball had terminated prior to the date of claimant's last injurious exposure. After a hearing, the worker's compensation hearing officer granted Wausau's motion for summary judgment, finding that LWCC, the insurer at the time claimant was last exposed to a contributing cause of the disabling disease, was solely liable to pay benefits. The claimant appeals.

DISCUSSION
The claimant contends the hearing officer erred in granting Wausau's motion for summary judgment. He argues that each insurer that provided workers' compensation coverage for the employer during the period of injurious exposure should be liable in solido to the employee for the full amount of compensation.
Every employee is entitled to compensation for disability caused by occupational disease contracted during employment. LSA-R.S. 23:1031.1. The "last injurious exposure rule," which places full liability for compensation benefits on the employer or insurance carrier at the time of the employee's last exposure to a cause of the disabling disease, is the majority rule in successive employer or insurer cases. Gales v. Gold Bond Bldg. Products, 493 So.2d 611 (La. 1986).
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. NAB v. Willamette Industries, Inc., 28,555 (La.App.2d Cir. 8/21/96), 679 So.2d 477. The motion for summary judgment shall be granted when the pleadings, depositions, admissions and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966.
In support of his argument that each successive insurer which provided coverage during the period of a worker's exposure should be solidarily obligated to pay compensation benefits, claimant cites Gales v. Gold Bond Bldg. Products, supra, in which the supreme court found that an employer who has contributed to causing a worker's disabling occupational disease is solidarily liable to the employee for the entire amount of compensation benefits. Claimant argues that successive insurers of the same employer should be treated in a manner consistent with the supreme court's treatment of successive employers.
However, the situation in Gales can be distinguished from that of the present case. In Gales, it was reasonable for the supreme court to find the successive employers solidarily liable for the full amount of compensation since each had contributed to causing the worker's occupational disease. The successive employers' solidary obligation is based on the employment relationship. A prerequisite to any action arising under the Louisiana Worker's Compensation Law is the existence of an employer-employee relationship. Genusa v. Pointe Coupee Volunteer Fire District No. 4, 93-2214 (La.App. 1st Cir. 10/7/94), 644 So.2d 851. This relationship is not present between the claimant and Wausau.
Here, Wausau's obligation is based on its contract with Red Ball to provide workers' compensation coverage for the period ending on April 1, 1993. The insurance policy applied to bodily injury by disease and provided that the "employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period." The insurance contract constitutes the law between the parties and is enforced as written if the policy terms express the intent of the parties. Stephens v. Audubon Ins. Co., 27,658 (La. App.2d Cir. 12/6/95), 665 So.2d 683.
The record shows that claimant's last injurious exposure to the injury causing conditions occurred on September 14, 1995, his last date of employment. Claimant does not dispute the fact that Wausau's insurance policy was not in effect at that time. Pursuant to the express terms of the policy, Wausau was not liable for payment of compensation benefits owed by the employer. See Fazande v. Continental Grain Co., 363 So.2d 1253 (La.App. 4th Cir.1978). The claimant's argument lacks merit.
*29 The claimant also contends that Wausau waived any defense it may have asserted against liability for workers' compensation by its act of paying benefits to the claimant. However, neither the furnishing of medical expenses nor payment of benefits by the employer or his insurance carrier shall constitute an admission of liability for compensation. LSA-R.S. 23:1204. The fact that Wausau erroneously paid compensation to the claimant did not prevent the insurer from subsequently denying liability upon learning that it was not liable. Genusa v. Pointe Coupee Volunteer Fire District No. 4, 93-2214 (La.App. 1st Cir. 10/7/94), 644 So.2d 851.
After reviewing the record, we cannot say the hearing officer erred in finding that, based on the undisputed facts, Wausau was not the employer's insurance carrier on the date of the claimant's last exposure to injurious conditions, and therefore was not liable to pay compensation benefits under the terms of the insurance policy. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the hearing officer's summary judgment in favor of Wausau is affirmed. Costs of this appeal are assessed to the appellant, James Beason.
AFFIRMED.