# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 05-1460


## HOWARD MCCLURE

## VERSUS

## CITY OF PINEVILLE


************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2,
PARISH OF RAPIDES, NO. 03-06950,
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Michael G. Sullivan, Judges.


**APPEAL OF DENIAL OF MOTION FOR NEW TRIAL DISMISSED;
MOTION TO DISMISS ANSWER TO APPEAL GRANTED;
SUMMARY JUDGMENT AFFIRMED.**

Daniel E. Broussard, Jr.
Broussard, Bolton, Halcomb & Vizzier
Post Office Box 1311
Alexandria, Louisiana 71309
(318) 487-4589
Counsel for Plaintiff/Appellee:
    Mary McClure

Thomas J. Solari
Attorney at Law
Post Office Box 3731
Lake Charles, Louisiana 70602
(337) 433-6328
Counsel for Defendant/Appellant:
    City of Pineville

**Randall B. Keiser**
**Keiser Law Firm**
**Post Office Box 12358**
**Alexandria, Louisiana  71315**
**(318) 443-6168**
**Counsel for Defendant/Appellee:**
        **Risk Management, Inc.**

**Gregory E. Bodin**
**Russell L. Mosely**
**Taylor, Porter, Brooks & Phillips**
**Post Office Box 2471**
**Baton Rouge, Louisiana  70821**
**(225) 387-3221**
**Counsel for Defendant/Appellant:**
        **Louisiana Workers' Compensation Corporation**

SULLIVAN, Judge.

This is a workers' compensation claim under the Heart and Lung Act, La.R.S. 33:2581. The claimant's employer appeals the grant of summary judgment in favor of an insurer which provided workers' compensation coverage for a period of time during the claimant's employment. Another workers' compensation insurer appeals the denial of its motion for new trial of the motion for summary judgment, and the insurer granted summary judgment seeks to have the other insurer's answer to appeal dismissed. For the following reasons, we dismiss the appeal of the denial of the motion for new trial and dismiss that insurer's answer to appeal; the summary judgment is affirmed.[1]

### *Facts*

Howard McClure was employed by the City of Pineville (Pineville) fire department for more than forty years. He retired in May 2000. In February 2003, he was diagnosed with lung cancer; he died as a result of the cancer in July 2003. His widow, Mary McClure, seeks death benefits pursuant to the provisions of the Heart and Lung Act, La.R.S. 33:2581.

Pineville had workers' compensation insurance with Louisiana Municipal Risk Management Association (LMRMA) which was administered through Risk Management, Inc. (hereinafter referred to collectively as RMI) for the period January 1, 1987 through December 31, 1998. Louisiana Workers' Compensation Corporation (LWCC) provided Pineville workers' compensation coverage for the period January 1, 1999 through December 31, 2000. Beginning January 1, 2002,

---

[1] A trial on the merits was held after summary judgment was granted in favor of RMI. Appeals pertinent to the judgment on the merits are the subject of a separate appeal. *See McClure v. City of Pineville*, 06-279 (La.App. 3 Cir. __/__/06), __ So.2d __.

Pineville was self-insured; RMI was the administrator of its claims. On January 1, 2003, Pineville had coverage again with LMRMA/RMI.

After Mrs. McClure sought benefits, RMI filed a disputed claim, seeking a declaratory judgment that it was not responsible for the payment of the benefits she sought. Mrs. McClure filed a Reconventional Demand seeking death benefits from RMI and LWCC. She also sued Pineville.

RMI filed a motion for summary judgment, asserting that all claims against it should be dismissed; the motion was granted. LWCC filed a motion for new trial with regard to the grant of summary judgment in favor of RMI. Pineville filed a motion for new trial and a third party demand against RMI. RMI filed an exception of no cause of action as to Pineville's third party demand. The motions for new trial were denied; the exception was granted. Pineville devolutively appealed the grant of summary judgment in favor of RMI, the grant of RMI's exception of no cause of action, and the denial of its motion for a new trial.

LWCC filed a devolutive appeal of the judgment "dated August 24, 2005," the "Judgment denying its Motion for New Trial." LWCC also filed an "Answer to Appeal" in response to the appeal filed by Pineville, seeking reversal of the judgment which granted summary judgment in favor of RMI "to the extent that [it] seeks to declare that coverage . . . rests with [LWCC]." RMI filed a motion to dismiss LWCC's answer. The motion to dismiss was referred to the merits of this appeal. We address the procedural correctness of LWCC's appeal of the denial of its motion for new trial and its answer to Pineville's appeal before addressing the merits of Pineville's appeal.

2

### LWCC's Appeal of the Denial of Its Motion for New Trial

LWCC appealed the WCJ's denial of its motion for new trial but did not appeal the judgment granting RMI's motion for summary judgment. A judgment denying a motion for new trial is an interlocutory order, not a final appealable judgment. *Shavers v. Shavers*, 350 So.2d 912 (La.App. 3 Cir.1977). Interlocutory judgments are not appealable, unless expressly provided by law. La.Code Civ.P. art. 2083(C). However, in *Fuqua v. Gulf Insurance Co.,* 525 So.2d 190 (La.App. 3 Cir. 1988), *writ denied*, 546 So.2d 1216 (La.1989), this court held that where the appellant's argument on appeal indicated that he intended to appeal the judgment on the merits, not the judgment denying a motion for new trial, the inadvertence of misstating the judgment being appealed did not necessitate dismissal of the appellant's appeal, and "the appeal should be maintained as being taken from the judgment on the merits." *Id*. at 191-92, (quoting *Dural v. City of Morgan City*, 449 So.2d 1047, 1048 (La.App. 1 Cir.1984).

LWCC specified the date of the judgment being appealed, August 24, 2005, *and* the title of the judgment being appealed, "the Judgment denying the Motion for New Trial." Furthermore, LWCC has not asserted any argument with regard to inadvertence in its appeal of the judgment denying the motion for new trial. LWCC's actions do not indicate that it simply misstated which judgment it was appealing, and we dismiss *ex proprio motu* its appeal of the August 24, 2005 judgment denying its motion for new trial. *See Shavers,* 350 So.2d 912.

### LWCC's Answer to Pineville's Appeal

RMI filed a motion to dismiss LWCC's answer to Pinveville's appeal, asserting that LWCC did not have the right to file an answer to Pineville's appeal because it is not an appellee with respect to Pineville's appeal of the judgment which granted

summary judgment in favor of RMI. LWCC has not responded to the motion to dismiss. Finding merit in RMI's motion, we grant the motion and dismiss LWCC's answer to Pineville's appeal.

Louisiana Code of Civil Procedure article 2087 (emphasis added) provides in part:

> B. When a devolutive appeal has been taken timely, *an appellee* who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in Paragraph A of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.

La.Code Civ.P. art. 2133 (emphasis added) provides in pertinent part:

> A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. . . . The answer filed by the appellee shall be *equivalent to an appeal* on his part *from any portion of the judgment rendered against him in favor of the appellant* and of which he complains in his answer. . . .

The relationship between LWCC and Pineville determines whether LWCC is an appellee. La.Code Civ.P. art. 2133(A). In *Henley v. Sterling Drugs, Inc.*, 470 So.2d 647 (La.App. 1 Cir. 1985), the court held that a party whose interest is aligned with that of the appellant is not an appellee. Referencing the comments to Article 2087, the court noted that pursuant to Article 2133 an appellee can respond to an appellant. In *Henley*, the plaintiff sued for damages caused by the defendant's defective product. His insurer intervened to collect monies it had paid him. Judgment was rendered in favor of the defendant. The plaintiff appealed; the insurer did not appeal but answered the plaintiff's appeal. The court explained that the plaintiff/appellant was not an appellant in relation to the insurer because the insurer's interest in the litigation was not adverse to reversal of the judgment. The same is true

4

here: LWCC's interest is not adverse to Pineville's interest—they both seek reversal of the summary judgment.

In *Borne v. Mike Persia Chevrolet Co., Inc.*, 396 So.2d 326 (La.App. 4 Cir.), *writ denied*, 401 So.2d 976 (La.1981), the court explained that an appellee is one against whom an appeal is taken and, therefore, must have an interest that is adverse to reversal of the judgment. *See* La.Code Civ.P. art. 2133. This explanation makes it clear that LWCC is not an appellee, as judgment was not rendered against it, no appeal was taken against it, and its interest is served by, as opposed to being adverse to, having the judgment reversed. The motion to strike is granted.

### *Motion for Summary Judgment*

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2).

The mover bears the initial burden of proof to show that no genuine issue of material fact exists. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the nonmoving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. *Id*.

5

Appellate courts review motions for summary judgments *de novo*, asking the same questions the trial court asks to determine whether summary judgment is appropriate. *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773. This inquiry seeks to determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). "A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of a legal dispute." *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765.

In its motion for summary judgment, RMI asserted that there was no genuine issue of material fact that it did not have coverage in effect at the time of Mr. McClure's retirement in May, 2000 and, therefore, it was not obligated for Mrs. McClure's claim for death benefits. RMI claimed that the carrier who had coverage in effect at the time of Mr. McClure's retirement was obligated for payment of the death benefits sought.

Mrs. McClure's claims are based on the Heart and Lung Act, La.R.S. 33:2581, which provides:

> Any disease or infirmity of the heart or lungs which develops during a period of employment in the classified fire service in the state of Louisiana shall be classified as a disease or infirmity connected with employment. The employee affected, or his survivors, shall be entitled to all rights and benefits as granted by the laws of the state of Louisiana to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of whether the fireman is on duty at the time he is stricken with the disease or infirmity. Such disease or infirmity shall be presumed, prima facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment.

RMI supported its motion with an affidavit by an RMI employee who attested that there was no coverage in effect between LMRMA and Pineville at the time Mr. McClure retired, that there was not coverage when Mr. McClure died, and that "upon information and belief" LWCC had coverage in effect in 1999, 2000, and 2001. RMI also submitted answers to interrogatories by LWCC and Mrs. McClure in support of the motion to establish that neither party asserted that LRMRA provided workers' compensation coverage at the time Mr. McClure retired.

At the hearing on RMI's motion, Pineville introduced an affidavit which detailed its workers' compensation coverage for the period beginning January 1, 1987. The affidavit reflected that Pineville had workers' compensation coverage with RMI for the period January 1, 1987 through December 31, 1998.

RMI argued that it was not responsible for Mrs. McClure's claim for death benefits pursuant to the last injurious exposure rule, as pronounced in *Gales v. Gold Bond Building Products*, 493 So.2d 611 (La.1986), and *Beason v. Red Ball Oxygen Co.*, 29,894 (La.App. 2 Cir. 10/29/97), 702 So.2d 26. In *Gales*, the supreme court adopted the last injurious exposure rule, as opposed to apportioning fault among all employers and their insurers whose employment contributed to a workers' compensation claimant's occupational disease, explaining:

> The last injurious exposure rule avoids most of the problems of the apportionment [among employers] solution and because of this promotes efficient administration, speedy payment of claims, and, in most instances, provides the highest level of benefits for the claimant . . . . [W]e conclude that, as between the successive employers themselves, the solution of assigning liability according to the last injurious exposure most effectively furthers the principles and goals of workers' compensation laws.

*Id*. at 617 (citation omitted).

7

*Beason* applied the same principle to workers' compensation insurers' liability. The claimant in *Beason* sought benefits for his occupational disease. He sued his employer and an insurer that provided workers' compensation coverage for a period of time during his employment. He claimed that each insurer which provided workers' compensation coverage during the time of his "injurious exposure" was solidarily liable for his claim. The defendant insurer's policy contained a provision which limited the insurer's liability for occupational disability claims to claims where the claimant's "last exposure" to the condition which caused his disability occurred during the insurer's policy period. The court observed that the insurance contract "constitutes the law between the parties and is enforced as written if the policy terms express the intent of the parties," and held that the insurer sued was not liable for the claim, as the claimant's last performance of repetitive arm, hand, and wrist movements, which contributed to his occupational disease, did not occur during the insurer's policy period. *Id*. at 28.

The occupational disease provision of the Workers' Compensation Act, La.R.S. 23:1031.1, gave rise to the last injurious exposure rule. *See Gales*, 493 So.2d 611. The occupational disease provision entitles employees disabled by occupational diseases to compensation as if they were injured in accidents in the course and scope of their employment. La.R.S. 23:1031.1(A).

The WCJ concluded that the language of the Heart and Lung Act rendered evidence of last injurious exposure irrelevant. The WCJ reasoned that, because the Heart and Lung Act does not require a fireman to establish any type of injurious exposure, LWCC knew or should have known when it issued its policies to Pineville

that it would be responsible for any workers' compensation claims made under the Heart and Lung Act by firemen who retired during its coverage period.

The Heart and Lung Act confers on firemen "all rights and benefits" afforded a claimant suffering from an occupational disease; however, it does not track the language of the occupational disease provision. La.R.S. 23:1031.1. Section B of the latter provision requires that occupational diseases be "due to causes and conditions characteristic of and peculiar to the . . . employment in which the employee is exposed to such disease." The Heart and Lung Act does not contain such a requirement. Instead, it classifies heart and lung ailments as being "connected with employment." La.R.S. 33:2581. This distinction was noted in *Vincent v. City of New Orleans*, 326 So.2d 401 (La.App. 4 Cir. 1975), *writ denied*, 329 So.2d 760 (La.1976), and led the court to conclude that the jurisprudence interpreting La.R.S. 23:1031.1 is not directly applicable to the Heart and Lung Act.

The Heart and Lung Act significantly simplifies a fireman's burden of proof in an occupational disease claim, especially a fireman who has been employed for more than five years. Requiring firemen to comply with the last injurious exposure rule imposes a burden of proof that the Heart and Lung Act does not, and imposition of such a requirement would hinder its principles and goals. For these reasons, we find no error with the WCJ's interpretation of the Heart and Lung Act, as it pertains to firemen who have been employed by the same employer for more than five years.

We do not believe this holding is in derogation of *Beason*, which held that policy provisions must be upheld if they "express the intent of the parties." The last exposure provision of LWCC's policy tracks the language of La.R.S. 23:1031.1 and jurisprudence interpreting it. The Heart and Lung Act does not track the language of

9

the La.R.S. 23:1031.1 and, consequently, jurisprudence interpreting it is not necessarily pertinent to application of the Heart and Lung Act. *See Vincent*, 326 So.2d 401. Undoubtedly, Pineville intended to purchase a policy which would satisfy *all* workers' compensation claims asserted against it. The Heart and Lung Act does not require evidence of injurious exposure; therefore, it is reasonable to conclude that Pineville did not intend to purchase a policy which required such evidence.

### *Disposition*

The judgment of the WCJ is affirmed. All costs associated with filings made by Pineville and RMI's responses to those filings are assessed to Pineville. All costs associated with filings made by LWCC and RMI's responses to those filings are assessed to LWCC.

**APPEAL OF DENIAL OF MOTION FOR NEW TRIAL DISMISSED; MOTION TO DISMISS ANSWER TO APPEAL GRANTED; SUMMARY JUDGMENT AFFIRMED.**