# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-309


CHRISTOPHER M. O'BRIEN, ET UX.

VERSUS

TOWN OF GLENMORA, ET AL.


************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 222,615
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Billy Howard Ezell, Judges.


**Cooks, J., dissents.**

**AFFIRMED.**

Jacques M. Roy
Attorney at Law
1100 M. L. King Drive
Alexandria, Louisiana 71301
(318) 487-9537
Counsel for Plaintiffs/Appellants:
    Christopher M. O'Brien
    Candy L. O'Brien

Randall B. Keiser
D. Heath Trahan
Keiser Law Firm, P.L.C.
Post Office Box 12358
Alexandria, Louisiana 71315-2358
(318) 443-6168
Counsel for Defendants/Appellees:
    Town of Glenmora
    Curtis Gunter

**SULLIVAN, Judge.**

Plaintiffs, Christopher M. O'Brien and Candy L. O'Brien, appeal the granting of summary judgment in favor of Defendants, the Town of Glenmora and Curtis Gunter, as well as the subsequent denial of their motion for new trial. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The events upon which this lawsuit is based took place in the early morning hours of November 14, 2004. Mr. O'Brien was driving on U.S. Highway 165 in Glenmora, Louisiana, and was pulled over by Officers Curtis Gunter and Brian Anderson of the Glenmora Police Department in a residential neighborhood. The officers informed Mr. O'Brien that he had been stopped for improper lane usage. According to the officers, Mr. O'Brien became very disruptive. Mr. O'Brien received citations for improper lane usage, disturbing the peace, reckless operation, public intimidation (a felony), and failure to comply. He was arrested and booked into the Rapides Parish Jail.

The Rapides District Attorney chose to only prosecute the improper lane usage charge, and, following a bench trial, Mr. O'Brien was convicted of that charge. He applied for a supervisory writ with this court which was denied.[1] Thereafter, he filed an application for writ of certiorari with the Louisiana Supreme Court which was also denied.[2]

---

[1]See our unpublished opinion in *State v. O'Brien*, bearing docket number 06-304 (La.App. 3 Cir. 3/29/06).

[2]*State v. O'Brien*, 06-997 (La. 12/8/06), 943 So.2d 1058.

1

On November 14, 2005, Mr. O'Brien and his wife, Candy,[3] filed suit against the Town of Glenmora and Officer Gunter, alleging numerous causes of action, including: false arrest/false imprisonment; unreasonable search and seizure; unreasonable and arbitrary exercise of discretion to arrest; failure to train and/or supervise; negligent infliction of emotional distress; defamation; invasion of privacy; false creation of felony arrest records; and violation of the right to free speech. Although not clearly stated in Plaintiffs' petition, Mr. O'Brien was fired from his job at the Grand Casino Coushatta in Kinder, Louisiana, because of his *arrest* for a felony.

Defendants filed a motion for summary judgment seeking to have all of Plaintiffs' claims dismissed. The basis of Defendants' motion was that, because Mr. O'Brien was ultimately convicted of improper lane usage, Plaintiffs were precluded from arguing the lack of probable cause for Officer Gunter to arrest him. Plaintiffs opposed the motion. Following a hearing, the trial court took the matter under advisement. On June 6, 2007, the trial court rendered a judgment, with written reasons assigned, granting the motion for summary judgment in favor of Defendants and dismissing Plaintiffs' claims in their entirety.

Plaintiffs filed a timely motion for new trial, asserting that summary judgment had been improperly rendered because the trial court had failed to consider La.R.S. 32:411.1 and whether that statute deprived Officer Gunter of any discretion regarding whether to arrest Mr. O'Brien under the particular circumstances present in this case. Following a hearing, the trial court denied Plaintiffs' motion for new trial on November 13, 2007.

---

[3]Mrs. O'Brien asserted loss of consortium damages as a result of the damage inflicted upon her husband by Defendants.

Plaintiffs now appeal, asserting the following assignments of error: first, they claim that the trial court erred by granting Defendants' motion for summary judgment; and second, they claim that the trial court further erred in failing to grant their motion for new trial.[4]

## DISCUSSION

### *Summary Judgment*

Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action . . . ." La.Code Civ.P. art. 966(A)(2).

The basis for Defendants' motion for summary judgment was that because Mr. O'Brien was convicted of improper lane usage, Plaintiffs were precluded from challenging the validity of Mr. O'Brien's arrest. Defendants argued that because all

---

[4]Defendants filed a motion to dismiss this appeal on the basis that Plaintiffs only appealed the judgment denying their motion for new trial. Citing *McClure v. City of Pineville*, 05-1460 (La.App. 3 Cir. 12/6/06), 944 So.2d 805, *writ denied*, 07-43 (La. 3/9/07), 949 So.2d 446, Defendants assert that because a judgment denying a motion for new trial is a non-appealable interlocutory judgment, this court should dismiss Plaintiffs' appeal. Plaintiffs opposed the motion. In an unpublished opinion dated May 28, 2008, a panel of this court denied Defendants' motion to dismiss appeal, concluding that the Plaintiffs had clearly indicated an intent to appeal both the June 6, 2007 ruling, which granted Defendants' motion for summary judgment, and the November 13, 2007 ruling, which denied their motion for new trial. *O'Brien v. Town of Glenmora*, 08-309 (La.App. 3 Cir. 5/28/08).

3

of Plaintiffs' claims were premised on the argument that Mr. O'Brien was improperly arrested, those claims must necessarily fail as a matter of law.

In its written reasons for judgment, the trial court wrote:

> The plaintiffs argue that Sergeant Gunter's discretion to arrest for a "minor" misdemeanor was unreasonable and arbitrary. The plaintiffs further argue that there was no probable cause to believe a felony was committed and that such charge was arbitrary and capricious. These arguments form the basis of plaintiffs' numerous causes of action . . . . Each of these causes of action hinge on the appropriateness of the arrest.

> Louisiana Code of Criminal Procedure [A]rticle 211 permits a peace officer to give a written summons instead of making an arrest if certain factors exist. The Court does not read Article 211 to mandate a written summons *in lieu* of an arrest under any circumstances. The plaintiffs complain that custom dictated that Sergeant Gunter should have issued a citation and not arrested Mr. O'Brien. As a result of Mr. O'Brien's conviction, he can no longer allege lack of probable cause for his arrest. *Gibson v. State*, 99-1730, p.10 (La. 4/11/00); 758 So.2d 782, 791. For purposes of this case, it is not a question of whether Mr. O'Brien's arrest was reasonable, but rather was it permissible under Louisiana law.

> Mr. O'Brien's conviction precludes him from questioning the probable cause for his arrest. Furthermore, under these circumstances, Louisiana law leaves the decision of whether to arrest or issue a citation to the officer. An officer's discretion allows him to make what he feels is the best decision in each case[;] custom should not dictate a particular result. If custom dictated a particular result, any discretion given to law enforcement officers by the Louisiana legislature would become an illusion.

*Gibson* involved a man who was convicted of first degree murder in 1968 and received a life sentence. He later filed an application for post-conviction relief, attaching an affidavit of his co-defendant, Lloyd West, who had recanted his testimony and confession in which he had implicated Gibson as the triggerman in the murder. In 1993, Gibson was granted a new trial based upon the failure of the District Attorney to furnish *Brady* material. The District Attorney entered a *nolle prosequi* as to Gibson's indictment due to the fact that West had been the sole witness

4

to testify against him. *Gibson v. State*, 99-1730 (La. 4/11/00), 758 So.2d 782, *cert. denied*, 531 U.S. 1052, 121 S.Ct. 656 (2000).

Gibson, along with his wife and two sons, brought an action against the City of New Orleans and West to recover for false arrest and imprisonment and malicious prosecution. The trial court entered judgment in favor of the plaintiffs, and the City and West appealed. The court of appeal affirmed but amended the apportionment of fault to include that attributable to the District Attorney. The supreme court granted writs. Concluding that the trial court committed manifest error in finding that the police lacked probable cause to arrest Gibson and, similarly, that the appellate court erred in affirming the trial court's finding in that regard, the supreme court reversed the lower courts' findings of liability on the part of the City for false arrest. In doing so, the supreme court found that all of the "information known to the Police at the time of Gibson's arrest was sufficient to justify a man of ordinary caution in believing Gibson had committed a crime." *Id*. at 790. Moreover, the supreme court noted that probable cause had been conclusively proven by Gibson's indictment and conviction in the criminal case.

Plaintiffs admit that, under La.Code Crim.P. art. 211,[5] Officer Gunter had discretion regarding whether or not to arrest Mr. O'Brien for a misdemeanor,[6] but they contend that custom somehow limits a police officer's discretion under Article 211 when the offense at issue is a misdemeanor traffic violation. In addition, while Plaintiffs do not deny that Mr. O'Brien became angry upon being stopped by the police, they nevertheless claim that Officer Gunter did not have probable cause to charge him with the felony of public intimidation.

Plaintiffs offer no evidence or relevant jurisprudence in support of their argument that custom somehow limits a police officer's discretion under Article 211 when the offense at issue is a misdemeanor traffic violation.

Public intimidation is defined as the use of violence, force, or threats upon a public officer with the intent to influence his conduct in relation to his position, employment, or duty. La.R.S. 14:122.

_____

[5]Louisiana Code of Criminal Procedure Article 211 (emphasis added), entitled "Summons by officer instead of arrest and booking," provides, in pertinent part:

A. When it is lawful for a peace officer to *arrest* a person without a warrant for a misdemeanor, . . . he *may* give a written summons instead of making an arrest if *all* of the following exist:

(1) The officer has reasonable grounds to believe that the person will appear upon summons;

(2) The officer has no reasonable grounds to believe that the person will cause injury to himself or another or damage to property or will continue in the same or a similar offense unless immediately arrested and booked;

(3) There is no necessity to book the person to comply with routine identification procedures.

. . . .

B. In any case in which a summons has been issued, a warrant of arrest may later be issued in its place.

[6]On page six of their appellate brief, Plaintiffs state that "[t]he law is clear [that] La.Code Crim.P. art. 211 sets up a discretionary situation for a peace officer."

6

In *State v. Jones*, 00-980 (La.App. 5 Cir. 10/18/00), 772 So.2d 788, Deputy Wingrove attempted to question the defendant after responding to a call regarding a disturbance at a bar. The defendant remarked that he did not have to talk to her because she would not listen to him anyway, and he began walking away. After speaking to other individuals on the scene, Deputy Wingrove determined that the defendant was a suspect, and she began looking for him for further questioning. According to Deputy Wingrove, the defendant became belligerent and adopted a combative stance before threatening to kill and sexually assault her. The defendant was later arrested for disturbing the peace, resisting arrest, and public intimidation. After being found guilty as charged by a jury, the defendant appealed his conviction for public intimidation. The appellate court affirmed, finding:

> At the time the Defendant made the threats, he had not yet been arrested. Deputy Wingrove had only indicated that she wanted to talk to him about the incident that had taken place at the lounge. In that context, prior to arrest that, by his words, he felt was imminent, we find that the circumstantial evidence supports the jury's conclusion and verdict, that when the Defendant threatened Deputy Wingrove with physical violence and employment termination, he did so with the intent to persuade her not to arrest him. Therefore, we find that the evidence was sufficient to support the Defendant's conviction for public intimidation.

*Id*. at 792.

Defendants attached a copy of the transcript of Mr. O'Brien's criminal trial to their motion for summary judgment. Therein, Officer Gunter testified that upon his issuance of a citation to Mr. O'Brien for improper lane usage, Mr. O'Brien cursed at him and his partner, Officer Anderson, and he threatened their jobs. Officer Anderson testified that Mr. O'Brien tried to physically take the ticket book out of Officer Gunter's hand. Mr. O'Brien admitted in his statement of contested facts that he "was not under arrest at the time he uttered words which the officer contended

7

were threats, but was arrested after he stated that he would make a complaint about the officer."

We have performed a de novo review of the record, and we conclude that Officer Gunter had reason to believe that when Mr. O'Brien cursed at him and threatened him while grabbing his ticket book, he did so with the intent of persuading Officer Gunter not to arrest him. Mr. O'Brien has no one to blame but himself for turning a routine traffic stop into a felony arrest. The trial court correctly found that no *material* questions of fact remained and that Defendants were entitled to judgment as a matter of law. Plaintiffs first assignment of error is without merit.

### *Motion for New Trial*

"The applicable standard of review in ruling on a motion for new trial is whether the trial court abused its discretion." *Davis v. Witt*, 02-3102, 02-3110, p. 19 (La. 7/2/03), 851 So.2d 1119, 1131.

In their motion for new trial, Plaintiffs argued for the first time that the trial court erred in not considering how La.R.S. 32:411.1 applied to this case.

We agree with Defendants' assertion that the provision relied upon by Plaintiffs for authority that Mr. O'Brien should not have been arrested is irrelevant because it applies to driving without a license, an offense not at issue in the matter before us. We further agree with Defendants' argument that the provision does not preclude arrest but rather the setting of a bond. The trial court did not abuse its discretion when it denied Plaintiffs' motion for new trial.

### CONCLUSION

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor The Town of Glenmora and Officer Curtis Gunter and against

8

Christopher and Candy O'Brien is affirmed, as is the judgment denying the O'Briens' motion for new trial.  Costs of this appeal are assessed to the Plaintiffs.

**AFFIRMED.**