NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-296

ALVA LONGINO

VERSUS

THE CITY OF OAKDALE, ET AL.

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2018-513
HONORABLE JUDI F. ABRUSLEY, DISTRICT JUDGE

**********

JOHN E. CONERY

JUDGE

**********

Court composed of Billy H. Ezell, John E. Conery, and D. Kent Savoie, Judges.

MOTION TO DISMISS APPEAL DENIED.

**Bradley Charles Myers**
**Kean Miller L.L.P.**
**Post Office Box 3513**
**Baton Rouge, LA 70821-3513**
**(225) 387-0999**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Risk Management, Inc.**

**Gregory W. Belfour**
**Post Office Box 1930**
**Lake Charles, LA 70602**
**(337) 439-8315**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Oakdale Housing Authority**

**Jonathan Clyde Vidrine**
**Vidrine & Associates**
**Post Office Drawer 1019**
**Ville Platte, LA 70586**
**(337) 363-2772**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Alva Longino**

**Randall Brian Keiser**
**Keiser Law Firm, P.L.C.**
**Post Office Box 12358**
**Alexandria, LA 71315**
**(318) 443-6168**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**The City of Oakdale**

**CONERY, Judge.**

Appellees-Defendants, the City of Oakdale and Housing Authority of the City of Oakdale, filed a Joint Motion to Dismiss Appeal, asserting therein that the appeal is untimely and was taken from a non-appealable interlocutory judgment. Appellees then filed a Motion to Withdraw First Motion to Dismiss Appeal, Second Joint Motion to Dismiss Appeal with Incorporated Memorandum in Support and Alternative Motion to Refix Briefing Deadlines, stating that they withdrew the first motion with regard to timeliness but not as to the attempted appeal of a non-appealable judgment. Appellees then assert that the appeal should be dismissed as abandoned for Appellant's failure to file an appellate brief. For the reasons set forth herein, we deny the motion to dismiss.

This case arises from a slip and fall accident that occurred on December 10, 2017, when Appellant was walking in a parking lot of an apartment complex owned and maintained by Appellees. As a result of injuries sustained in the accident, Appellant filed suit against the Appellees and Risk Management, Inc. Appellees filed a Joint Motion for Summary Judgment on March 16, 2020. The motion was heard on July 1, 2020, and granted in a written Judgment signed on December 15, 2020.

Appellant filed a Motion for New Trial and/or Reconsideration on December 22, 2020. Following a hearing held on January 20, 2021, the motion was denied. A written Judgment on Motion for New Trial was signed on January 29, 2021, and Notice of Judgment was served on Appellant on February 12, 2021. Appellant filed a Motion and Order for Devolutive Appeal on April 8, 2021, and an appeal was granted on April 9, 2021.

In Appellees' Joint Motion to Dismiss Appeal, they argue that Appellant attempts to appeal a judgment denying a motion for new trial which is a non-

appealable interlocutory judgment.  *See McClure v. City of Pineville*, 05-1460 (La.App. 3 Cir. 12/6/06), 944 So.2d 805, *writ denied*, 07-43 (La. 3/9/07), 949 So.2d 446.  We note that in Appellant's Motion and Order for Devolutive Appeal, it is unclear whether he seeks review of the trial court's denial of his Motion for New Trial and/or Reconsideration only.  Appellant states in his motion:

1.
Notice of Signing Judgment was signed in the above captioned matter on January 29, 2021.

2.
Petitioner will not file a Motion for New Trial.

3.
Petitioner, ALVA LONGINO, desires to appeal devolutively from the final judgment rendered in this action to the Court of Appeal, 3rd Circuit, State of Louisiana.

Appellant does not specifically refer to the ruling on Appellee's motion for summary judgment but states that he "desires to appeal devolutively from the final judgment rendered in this action[.]"  However, in his appellate brief, Appellant seeks review of both the summary judgment and the denial of his motion for new trial.  "Although the denial of a motion for new trial is generally a non-appealable interlocutory judgment, the court may consider interlocutory judgments as part of an unrestricted appeal from a final judgment."  *Babineaux v University Medical Center*, 15-292, p. 4 (La.App. 3 Cir. 11/4/15), 177 So.3d 1120, 1123.  (Citation omitted).  Since it appears that Appellant intended to appeal both the summary judgment and the motion denying him a new trial, we find that Appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him in addition to the review of the final judgment.

Next, a thirty-day order was issued to Appellant, instructing him to file his appellate brief by July 17, 2021, to avoid the dismissal of his appeal.  Appellant's brief was filed timely on July 15, 2021.  As such, Appellees' argument that the

2

appeal should be deemed abandoned and dismissed for Appellant's failure to file his appellate brief is rendered moot.

**MOTION TO DISMISS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.