# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 24-215


**KASEY LYNN ROBERIE FONTENOT**

**VERSUS**

**CHARLES NICHOLAS FONTENOT**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2021-388
HONORABLE SUSAN THEALL, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**CHARLES G. FITZGERALD**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Candyce G. Perret, Jonathan W. Perry, and Charles G. Fitzgerald, Judges.


**APPEAL DISMISSED.**

**Richard Ducote**
**318 E. Boston Street, Floor 2**
**Covington, Louisiana 70433**
**(985) 898-2755**
**Counsel for Plaintiff/Appellant:**
**Kasey Lynn Roberie Fontenot**

**Danielle Thompson**
**The Thompson Law Office, LLC**
**2901 Johnston Street, Suite 301**
**Lafayette, Louisiana 70503**
**(337) 534-8761**
**Counsel for Defendant/Appellee:**
**Charles Nicholas Fontenot**

**FITZGERALD, Judge.**

This is a custody dispute between two parents. The mother, Kasey Lynn Roberie Fontenot, appeals the trial court's June 15, 2023 Temporary Order of Custody. She also appeals the trial court's October 19, 2023 Judgment denying her motion for new trial. For the reasons below, this court lacks appellate jurisdiction, and we decline to exercise supervisory jurisdiction.

## PROCEDURAL HISTORY

Kasey and Charles Nicholas Fontenot were married, are now divorced, and are the parents of two young daughters.

In early 2021, Kasey and Charles each filed rules to establish custody. A hearing officer conference on those matters was held in October 2021, and the hearing officer issued recommendations for custody at the conclusion of that conference. Because a written objection was timely filed, the recommendations were adopted by the trial court as a Temporary Order on October 20, 2021. At that time, the trial of the rules to establish custody was fixed for December 2021.

However, by Order dated December 30, 2021, the custody trial was continued without date. The December 30th Order also provided that the "Temporary Order [on custody] . . . shall remain in full force and effect pending further orders of the court."

Nine months later, in September 2022, Kasey filed a petition for ex parte temporary sole custody of both girls pursuant to La.Code Civ.P. art. 3945. The trial court dismissed the petition six weeks later. But importantly, the parties' original rules to establish permanent custody remained pending.[1]

---

[1] The term "permanent" custody is being used here to distinguish between temporary custody orders (temporary custody) and final custody judgments (permanent custody).

Then, on November 16, 2022, Charles filed his own petition for ex parte custody under La.Code Civ.P. art. 3945. The petition was presented to the trial court, and an Ex Parte Custody Order was signed at that time. In essence, the Ex Parte Custody Order did four things. First, it awarded temporary sole custody of the children to Charles "pending a hearing to be held within thirty (30) days, in accordance with Louisiana Code of Civil Procedure Article 3945." Second, it fixed the thirty-day expedited hearing on temporary custody for December 14, 2022. Third, it fixed a hearing officer conference for January 23, 2023, "on the issue of [permanent] custody pending a trial on the merits[.]" And fourth, it fixed the trial to establish permanent custody for February 22, 2023.[2]

The thirty-day hearing on temporary custody was ultimately heard over six days. After taking the matter under advisement, the trial court signed a Temporary Order of Custody on June 15, 2023. This Temporary Order of Custody is the subject of the instant appeal. And it gives Charles the temporary sole legal custody of both girls "until further order" of the trial court.

Curiously, instead of proceeding to the hearing officer conference on permanent custody, Kasey filed a motion for new trial. The trial court denied the motion by Judgment of October 19, 2023. Kasey now appeals the Temporary Order of Custody and the Judgment denying new trial. Her assignments of error challenge the trial court's award of temporary sole custody to Charles.

## LAW AND ANALYSIS

Before addressing Kasey's assignments of error, we must determine whether this court has jurisdiction over her appeal.

---

[2] Very technically, all custody matters are adjudicated by contradictory hearing. The term "trial" is used to distinguish between the thirty-day hearing on temporary custody and the trial of the rules to establish permanent custody.

2

"A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." La.Code Civ.P. art. 1841. Interlocutory judgments are not appealable unless expressly provided for by law. La.Code Civ.P. art. 2083(C). "The law does not favor the interrupting of judicial proceedings by appealing from interlocutory decrees." *In re Byrne*, 193 La. 566, 569, 191 So. 729, 730 (1939).

Nevertheless, Kasey argues that the Temporary Order of Custody is an appealable final judgment. To support her argument, she cites *Varner v. Varner*, 22-1166 (La.App. 1 Cir. 2/24/23), 361 So.3d 528. There, the first circuit stated in dicta that "[t]he remedy for a party who objects to the ex parte order is the La. C.C.P. art. 3945(D) adversarial hearing, after which an appealable final judgment will be entered." *Id*. at 530. We disagree, especially considering the procedural posture of the case before us.

In relevant part, La.Code Civ.P. art. 3945 states:

> A. The injunctive relief afforded either party to an action for divorce or other proceeding which includes a provision for the temporary custody of a minor child shall be governed by the additional provisions of this Article.
>
> B. An ex parte order of temporary custody of a minor child shall not be granted unless:
>
> (1) It clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury will result to the child before the adverse party or his attorney can be heard in opposition.
>
> . . . .
>
> D. The rule to show cause why the respondent should not be awarded the custody, joint custody, or visitation of the child shall be assigned for hearing not more than thirty days after signing of the ex parte order of temporary custody.

In most instances, custody proceedings consist of actions to establish permanent custody or actions to modify permanent custody. These actions are

3

typically litigated many months after filing. Yet there are certain situations when the law allows trial courts to issue ex parte custody orders. For example, La.Code Civ.P. art. 3945(A) authorizes ex parte custody orders when a child is at risk of immediate and irreparable injury. The purpose of the ex parte order is child safety.

But when the trial court issues an ex parte custody order, the court is divesting a parent of the right to raise and rear their child without notice or an opportunity for that parent to be heard. As noted in *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 2060 (2000), "The liberty interest at issue in this case—the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court." And that is why La.Code Civ.P. art. 3945(D) requires an expedited hearing within thirty days.

The thirty-day hearing required by La.Code Civ.P. art. 3945(D) is not the trial to establish permanent custody. Nor is it the trial to modify permanent custody. Oversimplifying slightly, it is instead an expedited hearing intended to stabilize the custodial situation through temporary orders on legal custody and on time periods with the minor children. In the Fifteenth Judicial District Court, which is where this case originates, these temporary orders remain in effect until the hearing officer conference on permanent custody and then, if necessary, the trial on the merits.

In addition, actions brought under La.Code Civ.P. art. 3945 typically involve allegations of abuse, addiction, mental health disorders, or neglect, which often necessitate expert testimony to assist the trial court in determining the best interest of the minor children. Here, for example, the trial court—towards the end of the expedited hearing on temporary custody—issued an order for a custody evaluation pursuant to former La.R.S. 9:331 (2022). The order appointed a mental health professional to evaluate the parties and the children, and it required the mental health professional to issue a report and ultimately testify at the trial to establish permanent

4

custody. At the time the evaluation order was signed, the trial of permanent custody had been refixed for October 23, 2023. But the trial was subsequently continued without date, and the custody evaluation remains unfinished.

And there is more. If Kasey is correct that the Temporary Order of Custody is a final custody judgment, wouldn't the *Bergeron* standard apply?[3] The answer is yes. Additionally, if the Temporary Order of Custody is a final custody judgment, wouldn't it have the effect of res judicata for all matters actually litigated? *See* La.R.S. 13:4232(B). The answer here is also yes. Put simply, if Kasey is correct, the hearing officer conference on permanent custody would be rendered meaningless, and there would be no trial on the merits. For all intents and purposes, the expedited hearing under La.Code Civ.P. art. 3945(D) would take the place of the trial on permanent custody. And the temporary custody order from that hearing would be a final judgment to which *Bergeron* and res judicata principles would apply. This is plainly not the law.

Thus, to summarize, the parties' original rules to establish custody remain pending; a custody evaluation has been ordered but has not been completed; and no judgment establishing permanent custody has been rendered by the trial court. In our view, the Temporary Order of Custody is what it purports to be: a non-appealable interlocutory judgment.[4]

---

[3] In *Bergeron v. Bergeron*, 492 So.2d 1193, 1200 (La.1986), the supreme court explained:

> When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.

[4] Although La.Code Civ.P. art. 3943 shortens the delay for appealing custody judgments, it does not expressly provide for an appeal of interlocutory custody judgments.

Now to the appealability of the Judgment denying Kasey's motion for new trial. "A judgment denying a motion for new trial is an interlocutory order, not a final appealable judgment." *McClure v. City of Pineville*, 05-1460, p. 3 (La.App. 3 Cir. 12/06/06), 944 So.2d 805, 807, *writ denied*, 07-43 (La. 3/9/07), 949 So.2d 446. Although the denial of a motion for new trial is generally a non-appealable interlocutory judgment, this court may consider interlocutory judgments as part of an unrestricted appeal from a final judgment. *Babineaux v. Univ. Med. Ctr.*, 15-292 (La. App. 3 Cir. 11/4/15), 177 So.3d 1120. But here, we are not presented with an unrestricted appeal from a final judgment. We are instead presented with an appeal from a temporary custody order, which is an interlocutory judgment. We therefore lack appellate jurisdiction to review the Judgment denying new trial.

Finally, we must consider whether to convert Kasey's appeal to an application for supervisory writ. After all, she filed her appeal within the delay for applying for supervisory relief. But the practical effect of treating this as a writ application would be akin to piecemeal appeals. It would also undermine the public policy against ongoing custody litigation. *See Bergeron*, 492 So.2d 1193. Thus, we decline to convert Kasey's appeal into an application for supervisory writ.

## DISPOSITION

This appeal is dismissed for lack jurisdiction: both the Temporary Order of Custody and the Judgment denying new trial are non-appealable interlocutory judgments. The costs of the appeal are assessed to Kasey Lynn Roberie Fontenot.

**APPEAL DISMISSED.**