EDWARDS, Judge.
Plaintiff, Cargill, Inc., filed suit for damages caused by the collapse of its salt mine. Among the defendants are The Cementation Company of America, Inc. and several insurers, including Gerling Global Insurance Company; Midland Insurance Company; Commerce and Industry Insurance Company of Canada; Lloyd’s of London; and CNA Assurance Company.
All of the above insurers, except Gerling, sought a declaratory judgment as to the applicability of the 1976 amendments to R.S. 22:628 on .their respective insurance policies. The trial court rendered a declaratory judgment in favor of Cementation, finding the amendments applicable. The insurers appealed.
Cementation subsequently filed a motion requesting the declaratory judgment include Gerling’s policy and that the reasons for judgment be amended with respect to a matter not pertinent hereto. The trial court refused to hear the motion on the ground that the declaratory judgment had been appealed. On writs, this Court ordered the trial court to entertain the motion as one for a new trial. The trial court subsequently denied the motion, and Ce-mentation has taken this appeal from that judgment.
Gerling has filed this motion to dismiss, which pertains only to the appeal of the portion of the judgment refusing to extend the declaratory judgment to Gerling. Ger-ling asserts that this is an appeal of an interlocutory judgment that does not cause irreparable injury. We agree. It is well-settled that the denial of a motion for new trial is an interlocutory order and can only be appealed on a showing of irreparable injury. Taylor v. Taylor, 380 So.2d 176 (La.App. 1st Cir.1979).
Accordingly, since no irreparable injury has been shown, we grant Gerling’s motion and dismiss this appeal. Appellant is cast for all costs incurred on appeal.
DISMISSED.