SHORTESS, Judge.
Horace P. Delatte (plaintiff) was injured in a two-car collision between his vehicle and a vehicle owned by Kathlyn M. Roome and driven by Bernice Roome. Plaintiff filed suit against Bernice Roome and her insurer, Liberty Mutual Insurance Company (defendants). Travelers Insurance Companies, insurer of plaintiff’s employer, intervened, seeking reimbursement from defendants for maintenance and cure payments made to plaintiff. Trial on the merits was set for September 17,1981, but on that day, plaintiff and defendants settled and compromised the main demand. Stipulations were entered into the record setting forth the details of the settlement, including plaintiff’s agreement to hold defendants harmless as to Travelers’ intervention, with the further stipulation that plaintiff would thenceforth succeed to the defense and assume the responsibility of the defendants with respect to that intervention. Plaintiff’s counsel enrolled as co-counsel for defendants. All counsel, including interve-nor’s counsel, agreed to the terms of the stipulation. Judgment was to be rendered only on the legal question of intervenor’s rights against defendants. Judgment of Partial Dismissal was signed dismissing plaintiff’s suit against defendants with prejudice, reserving plaintiff’s rights to proceed against any other parties.
On November 3, 1981, judgment was signed in favor of intervenor, Travelers Insurance Companies, and against defendants in intervention, Bernice Roome, and her insurer, Liberty Mutual Insurance Company, for $25,862.68. Thereafter, the following dates and events become pertinent:
November 9,1981: Notice of above judgment given.
November 12,1981: Motion for new trial or reconsideration is filed by plaintiff, Horace P. Delatte.
December 11, 1981: Motion for new trial argued orally by counsel for both defendants and plaintiff and counsel for intervenor; motiqn taken under advisement.
*916 October 14, 1982: Judgment was signed denying plaintiff’s motion for new trial.
October 25,1982: Notice of denial of new trial was mailed to all parties.
November 9, 1982: Counsel for plaintiff filed motion and order for appeal in the name of “defendant, Horace Folse.” (an obvious clerical error)
November 16, 1982: Order granting sus-pensive and/or devolutive appeal was signed.
November 23, 1982: Amended motion and order for appeal was filed by counsel for plaintiff on behalf of “defendants and Horace P. Delatte, as successor to the defendants.”
November 29, 1982: Amended order for appeal is signed.
Intervenor has filed a motion to dismiss this appeal.
ISSUES
1. Does plaintiff have a right to appeal from the judgment in question?
2. Did plaintiff’s timely motion for a new trial interrupt appeal delays as to the defendants?
ISSUE NO. 1
LSA C.C.P. Art. 2086 provides:
“A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.”
In Brock v. Tidewater Construction Company, 318 So.2d 100 (La.App. 3rd Cir.1975), the court held that:
“... it is clear that our law contemplates no necessity that a person have a judgment directly against him in order to appeal.
The jurisprudence is consistent in holding that where a party is ‘aggrieved’ by a judgment, he has a right to an appeal, .... And this rule applies even where the party appealing ‘may be’ aggrieved, ...” 318 So.2d at 102.
See also Swan v. Mayer, 211 So.2d 346 (La.App. 4th Cir.1968).
Unless the grounds urged for dismissing an appeal are free from doubt, the appeal will be sustained. Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963). Appeals are favored under Louisiana law and jurisprudence. Penaiber v. Blount, 405 So.2d 1376 (La.App. 1st Cir.1981). We hold that plaintiff had the right to appeal.
ISSUE NO. 2
Travelers filed the motion to dismiss defendants’ appeal, arguing that the delays for appeal have run against the defendants cast in judgment, because said defendants did not timely file a motion for new trial. A new trial application by one party does not necessarily extend another party’s delay for appealing; however, where the issues áre interrelated to the extent that one party’s motion and the trial court’s action thereon substantially affect a non-moving party or parties, the application for a new trial or rehearing by one will extend the delay for taking an appeal for all parties. Bantin v. State, Through Dept. of Transp., Etc., 411 So.2d 63 (La.App. 3rd Cir.1981).
LSA-C.C.P. Art. 807 provides:
“When a party to an action transfers an interest in the subject matter thereof, the action shall be continued by or against such party, unless the court directs that the transferee be substituted for or joined with the transferor.”
Even more relevant is the stipulation entered into in open court on the day of the trial, to which intervenor consented. Therein, the plaintiff assumed the liability and defense of the defendants relative to the intervention. Plaintiff’s attorney enrolled as co-counsel for the defendants. The judgment that is appealed from refers to the said stipulation. Plaintiff placed a sum of money in escrow with the court pending final resolution of Travelers’ intervention. Intervenor never challenged plaintiff’s standing to move for a new trial or rehearing, and, in fact, it actively argued against the motion for new trial.
Considering all these factors, the motion to dismiss this appeal is denied. Costs in connection with the motion are taxed to the mover.
*917 MOTION TO DISMISS APPEAL DENIED.