449 So.2d 1047 (1984)
Phillip Harold DURAL, Individually and in His Capacity as Administrator of the Estate of His Minor Child, Andrea Dural
v.
CITY OF MORGAN CITY and Bart Mancuso.
No. 83 CA 1251.
Court of Appeal of Louisiana, First Circuit.
March 5, 1984.
William H. Lambert, Lafayette, for plaintiff-appellant.
James B. Supple, Franklin, for defendants-appellees.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
The City of Morgan City and Bart Mancuso filed this rule to show cause to dismiss the devolutive appeal of Phillip Harold Dural (appellant), individually and in his capacity as administrator of the estate of his minor child, Andrea Dural, on the basis that the judgment complained of is nonappealable. Appellant has filed no response.
*1048 On July 6, 1983, the trial judge signed a judgment to the effect that appellant's damage suit would be dismissed if he failed to answer defendants' interrogatories by July 18, 1983. Following appellant's failure to file answers to the interrogatories, a judgment dismissing his suit with prejudice was rendered and signed by the trial judge on July 19, 1983.[1]
On July 27, 1983, plaintiff filed a timely motion for a new trial which was denied on that same date. Notice of this judgment was mailed to the parties on July 28, 1983.
On September 15, 1983, plaintiff filed a motion for devolutive appeal from the "judgment rendered in this matter on July 27, 1983, and mailed on July 28, 1983." The order granting the appeal stated that "a devolutive appeal is granted to plaintiff." The notice of appeal subsequently mailed to the parties by the clerk's office indicated that plaintiff had taken an appeal from the judgment of July 19, 1983. Appellees filed this motion to dismiss on the basis that it was taken from the July 27 judgment denying plaintiff's motion for a new trial. They argue that this judgment is nonappealable since it is interlocutory in nature and there has been no showing of irreparable harm.
It is well settled that the denial of a motion for a new trial is an interlocutory judgment which can be appealed only upon a showing of irreparable harm. La.C.C.P. art. 2083; Cargill, Inc. v. Cementation Company of America, Inc., 429 So.2d 210 (La.App. 1st Cir.1983), writ denied, 434 So.2d 1097 (La.1983). Appellant has not alleged in either his motion for appeal or in response to this show cause that the denial of the motion for a new trial will cause him irreparable harm. In view thereof, it is clear that the July 27 judgment is not appealable.
Nevertheless, there is a line of Supreme Court cases which holds that where a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits. Smith v. Hartford Accident and Indemnity Company, 254 La. 341, 223 So.2d 826 (La.1969); Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312 (La.1968); Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904 (La.1967). See also Johnson v. Johnson, 432 So.2d 1140 (La. App. 3rd Cir.1983). In these cases, the court did not require much to conclude that the appellant actually intended to appeal from the judgment on the merits and that it was merely due to inadvertency that the date of the judgment denying a new trial was given. Factors cited in these cases as showing such an intent include the appellant's assertion to that effect, whether the parties briefed issues on the merits of the final judgment and whether the language of the order granting the appeal indicated that it was from the judgment denying a new trial.
In the present case, the order granting this appeal merely stated that appellant was granted a devolutive appeal, giving no indication that it was from the judgment denying his motion for a new trial. Additionally, the notice of appeal sent to the parties stated that appellant's appeal was taken from the judgment of July 19, 1983, i.e., the judgment dismissing his suit. Furthermore, appellant's brief raises issues relating to the July 19 judgment of dismissal, as well as one relating to the denial of his new trial motion.[2]
*1049 We find that these factors are sufficient to indicate that appellant's intent was to appeal from the July 19 judgment of dismissal rather than from the judgment denying their motion for a new trial. Appellant's inadvertence in listing the date of the wrong judgment is insufficient grounds for the dismissal of his appeal, particularly since appeals are favored and will be dismissed only when the grounds therefor are free from doubt. Fruehauf, 210 So.2d at 315; Delatte v. Roome, 432 So.2d 914 (La. App. 1st Cir.1983), writ denied, 439 So.2d 1073 (La.1983).
The motion to dismiss is denied at movers' costs.
MOTION DENIED.
NOTES
[1] This suit has a long procedural history, including an earlier judgment which dismissed this suit, without prejudice, due to the failure of appellant's counsel to appear at a pretrial conference and at a rule to compel answers to interrogatories. This judgment was reversed on appeal to this court and this matter remanded for further proceedings. Dural v. City of Morgan City, 407 So.2d 757 (La.App. 1st Cir.1981).
[2] The fact that appellant also raised an issue as to the denial of his new trial motion is not necessarily a point against maintaining the present matter as an appeal from the judgment of dismissal. When an appellant has appealed from a final judgment, it is permissible for him to raise and the court to consider in connection with the appeal, complaints relating to the denial of a motion for a new trial. See Piper v. Rabalais, 407 So.2d 751 (La.App. 1st Cir.1981); Belaire v. Vanderbrook, 405 So.2d 1143, 1141 n. 1 (La.App. 1st Cir.1981), writ denied, 409 So.2d 659 (La.1982).