YELVERTON, Judge.
This is an appeal from a judgment denying a motion for a new trial.
A judgment denying a motion for a new trial is interlocutory in nature and can be appealed only on a showing of irreparable injury. LSA-C.C.P. art. 2083; Johnson v. Johnson, 432 So.2d 1140 (La.App. 3rd Cir.1983); Taylor v. Taylor, 380 So.2d 176 (La.App. 1st Cir.1979). However, it has also been held that when the pleadings and briefs on appeal indicate that an appellant actually intended to appeal from the judgment on the merits, and that due merely to inadvertence the appeal was nominally from the judgment denying a new trial, the appeal should be maintained as being taken from the judgment on the merits. Johnson v. Johnson, supra; Dural v. City of Morgan City, 449 So.2d 1047 (La.App. 1st Cir.1984). The appellant is to be given the benefit of every doubt and appeals should be dismissed only when the grounds for dismissal are free from doubt. Jones v. Zumo, 479 So.2d 655 (La.App. 1st Cir.1985); Romaire v. Winn-Dixie, Inc., 478 So.2d 971 (La.App. 5th Cir.1985). It is abundantly clear that the present appeal was intended to be from the judgment signed on February 27, 1985, denying the plaintiffs motion for a new trial. It is also clear that no irreparable harm has been shown. We find from the procedural events and appellate arguments that the appeal should be dismissed.
The record shows that plaintiff sued the City of Lake Charles and a police officer on May 20,1982, for damages allegedly resulting from a false arrest. Trial on the merits was set for December 3, 1984. The plaintiff was given notice of the trial date by the judge’s office.
Neither plaintiff nor his counsel appeared on December 3, 1984, the day set for trial. The case was taken up and, by authority of La.-C.C.P. art. 1672, judgment was rendered in open court ordering dismissal of the suit without prejudice. The clerk of court notified plaintiff of the decision by letter that same day. A formal judgment of dismissal was signed on December 17, 1984.
Plaintiff filed a motion for a new trial, and the judge signed an order prepared by plaintiffs counsel fixing that motion for hearing on January 17, 1985.
There was no appearance on plaintiffs behalf at the motion hearing on January 17, 1985. The court denied the motion and plaintiffs counsel was notified of the fact by a letter from the clerk that same day.
*958 On January 21, 1985, plaintiffs counsel filed a motion acknowledging that he failed to appear at the January 17 hearing through the fault of his office and requesting a new hearing on his motion for a new trial. The judge signed the order included with this motion, fixing it for hearing on February 27, 1985.
There was once again no appearance by the plaintiff or his counsel at the hearing on February 27, 1985, and on that day the court signed a formal judgment reflecting that the plaintiffs motion for a new trial which was heard on January 17, 1985, was denied in open court on January 17.
A formal judgment was read and signed on March 18, 1985, setting forth that the plaintiffs motion for a rehearing was denied in open court on February 27, 1985.
The appeal contends that the district judge erred in signing the formal judgment on February 27, 1985, which denied his motion for a new trial for failure to appear at the hearing of the motion on January 17, 1985. Admitting that his failure to appear on January 17 was caused by the fault of his office and without giving any other explanation, plaintiffs counsel argues that he should be excused because the clerk failed to notify him of the February 27 hearing date for his motion for a rehearing in violation of Rule 9, Section 1, of the 14th Judicial District Court.
Appellant’s brief argues only an excuse for his failure to appear at the February 27 hearing. Nothing is said in the brief concerning his failure to appear at the original trial date, December 3,1984, which resulted in the judgment of dismissal signed on December 17, 1984. It is, therefore, quite apparent that appellant’s intent was to appeal the judgment denying his motion for a new trial, and not the judgment dismissing his suit.
There is no suggestion by appellant that the denial of a new trial caused irreparable harm. Since no irreparable harm appears, the denial was an interlocutory order which is not appealable. All costs are assessed to appellant.
APPEAL DISMISSED.