525 So.2d 190 (1988)
Brenda FUQUA, Plaintiff-Appellant,
v.
GULF INSURANCE COMPANY, et al., Defendants-Appellees.
No. 88-97.
Court of Appeal of Louisiana, Third Circuit.
March 15, 1988.
*191 Eugene Cicardo, Alexandria, for plaintiff-appellant.
Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Raymond Brown, Alexandria, for defendants-appellees.
Before DOUCET, LABORDE and KNOLL, JJ.

MOTION TO DISMISS
LABORDE, Judge.
Defendants-appellees, Kenneth Edwards and Gulf Insurance Company, move to dismiss the devolutive appeal of the plaintiff, Brenda Fuqua, on the grounds that the judgment complained of is non-appealable.
Plaintiff filed suit for damages as a result of an automobile accident. The jury returned a verdict of $12,145.00. Judgment was rendered on September 3, 1987. The plaintiff filed a motion for judgment notwithstanding the verdict. On November 13, 1987 the trial judge entered written reasons for his denial of the plaintiffs motion for judgment notwithstanding the verdict. On December 1, 1987, judgment was entered denying the motion. On December 1, 1987 plaintiff filed a petition for appeal seeking to appeal the "judgment of November 13, 1987". The order granting the appeal was silent as to which judgment "... in the above numbered and entitled cause..." was being appealed. The defendants filed this motion to dismiss the appeal arguing that the November 13th judgment is a non-appealable interlocutory judgment and that the only appealable judgment (the judgment of September 3, 1987) has become final, since the delays for filing an appeal from that judgment have expired.
In the similar case of Jones v. Zumo, 479 So.2d 655 (La.App. 1st Cir.1985) the defendants filed a motion to dismiss plaintiffs' appeal on the basis that the judgment complained of was a non-appealable interlocutory judgment, the denial of a motion for judgment notwithstanding the verdict and denial of a motion for new trial. Judgment on the merits had been rendered on March 4, 1985, while the denial of the motions had occurred on April 18, 1985. The plaintiffs filed a motion for appeal expressing their desire to appeal the April 18th judgment. The trial court granted the devolutive appeal without making reference to the date of judgment. In maintaining the appeal by finding the plaintiffs had intended to appeal from the judgment on the merits and not the interlocutory judgment, the appellate court reasoned as follows:
[1] It is well settled the denial of a motion for new trial is an interlocutory judgment which can be appealed only upon a showing of irreparable harm. Dural v. City of Morgan City, 449 So.2d 1047 (La.App. 1st Cir.1984).
"Nevertheless, there is a line of Supreme Court cases which holds that where a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being *192 taken from the judgment on the merits. Smith v. Hartford Accident and Indemnity Company, 254 La. 341, 223 So.2d 826 (La.1969); Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312 (La.1968); Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904 (La.1967). See also Johnson v. Johnson, 432 So.2d 1140 (La.App. 3rd Cir.1983). In these cases, the court did not require much to conclude that the appellant actually intended to appeal from the judgment on the merits and that it was merely due to inadvertency that the date of the judgment denying a new trial was given. Factors cited in these cases as showing such an intent include the appellant's assertion to that effect, whether the parties briefed issues on the merits of the final judgment and whether the language of the order granting the appeal indicated that it was from the judgment denying a new trial." Dural at 1048.
In the present case the order granting the devolutive appeal was silent as to which judgment "... in the above numbered and entitled proceeding ..." was being appealed. Further, the plaintiffs oppose this motion to dismiss the appeal maintaining the appeal is being taken from the merits of this case. The plaintiffs filed a motion to amend and supplement the appeal transcript with a transcript of the trial which was granted and ordered by this court on September 6, 1985. The plaintiffs' brief addresses issues pertaining to the judgment on the merits. Finally, in their motion to appeal, the plaintiffs did not allege irreparable injury which is necessary to appeal from an interlocutory judgment. We infer from this the plaintiffs intended to appeal from the March 4, 1985 judgment on the merits.
In the present case, the order granting the devolutive appeal was silent as to which judgment was being appealed. The plaintiff opposed this motion to dismiss the appeal maintaining the appeal is being taken from the merits of the case. The plaintiffs brief raises an issue pertaining to the judgment on the merits, the inadequacy of the jury award. We infer from this the plaintiff intended to appeal from the September 3, 1987 judgment on the merits. The plaintiffs inadvertence in listing the date of the "November 13th judgment" instead of the September 3rd judgment is insufficient grounds for the dismissal of the appeal.
The defendants also argue that plaintiff's appeal is untimely. The delay for filing a devolutive appeal does not begin to run until the day after the judgment denying plaintiff's motion for judgment notwithstanding the verdict was signed. Winterrowd v. Travelers Indemnity Company, 440 So.2d 822 (La.App. 2nd Cir.1983). The judgment was signed on December 1st, the same day plaintiff petitioned for his appeal. Under these circumstances, plaintiff's appeal was timely.
At mover's cost, the motion to dismiss Fuqua's appeal is denied.
MOTION DENIED.