STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-292

JOSEPH BABINEAUX

VERSUS

UNIVERSITY MEDICAL CENTER, ET AL.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2012-4521
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and David Kent Savoie, Judges.

APPEAL DISMISSED.

Jeannie C. Prudhomme
Assistant Attorney General
556 Jefferson Street - 4th Floor
Lafayette, LA 70501
Telephone:  (337) 262-1700
COUNSEL FOR:
     Defendant/Appellee - State of Louisiana, through the Board of
     Supervisors of Louisiana State University Agricultural and Mechanical
     College, as Operators of University Medical Center

Catherine Marie Landry
Mandy A. Simon
Preis, PLC
P. O. Drawer 94-C
Lafayette, LA 70509
Telephone:  (337) 237-6062
COUNSEL FOR:
     Defendant/Appellee - Goodwill Industries of Acadiana, Inc.

**Rusty Galloway**
**Britney L. Hebert**
**Galloway Jefcoat, LLP**
**P. O. Box 61550**
**Lafayette, LA 70506-1550**
**Telephone: (337) 984-8020**
**COUNSEL FOR:**
     **Plaintiff/Appellant - Joseph Babineaux**

**THIBODEAUX, Chief Judge.**

Joseph Babineaux appeals from the trial court's judgment denying his motion for a new trial. Finding that the judgment is an interlocutory judgment that cannot be appealed, and that it was not timely filed for conversion to a writ application, we dismiss the appeal.

I.

## ISSUES

We must decide whether the plaintiff can appeal the denial of a motion for a new trial without appealing the underlying adverse judgment.

II.

## FACTS AND PROCEDURAL HISTORY

The plaintiff, Mr. Joseph Babineaux, filed suit against the defendants, University Medical Center Foundation (UMC) and Goodwill Industries of Acadiana, Inc. (Goodwill), after slipping on wet grass cuttings on UMC's sidewalk on September 8, 2011. Goodwill was the lawn service provider at the time of the accident. After discovery, Goodwill filed a motion for summary judgment in November 2013, attaching the deposition testimony of Mr. Babineaux and his wife, Mr. Babineaux's answers to interrogatories, his medical records, and the affidavits of two of Goodwill's lawn personnel. A February 2014 hearing was continued at Mr. Babineaux's request until March 10, 2014. On March 7, 2014, Mr. Babineaux filed his opposition to the motion for summary judgment. The parties appeared at the hearing on March 10, 2014, and Mr. Babineaux asked for

another extension and more time to obtain discovery. Mr. Babineaux's counsel asked the court to reset the hearing to "the June date" on the court's calendar.

The record contains a notice from the trial court, dated March 12, 2014, resetting the hearing to June 23, 2014. The notice indicates that it was sent to Goodwill's attorney and to Mr. Babineaux's attorney. On June 19, 2014, Goodwill filed and served a reply memorandum to Mr. Babineaux's March 7, 2014 opposition to summary judgment. On June 23, 2014, Mr. Babineaux's attorney did not appear in court to argue his opposition to Goodwill's motion for summary judgment. At the beginning of the hearing, the trial court announced that the plaintiff was not present and that the court was going to grant Goodwill's motion for summary judgment. Goodwill's attorney entered her exhibits on the record and court was adjourned. The trial court signed a judgment in favor of Goodwill and mailed it to the parties on July 3, 2014.

On July 9, 2014, Mr. Babineaux filed a motion for a new trial, which was heard on September 8, 2014. He argued that neither he nor his employees received notice of the specific hearing date of June 23, 2014. He attached his affidavit stating that he had not received the notice. Mr. Babineaux further argued that he had new evidence, pursuant to La.Code Civ.P. art. 1972(2), in the form of discovery responses from an added party, the State entity operating UMC, that indicated issues of fact precluding summary judgment and calling for a new trial.[1] A judgment denying the new trial was signed by the trial judge on September 25, 2014, and it was mailed on September 29, 2014. On October 31, 2014, Mr.

---

[1]The "new" evidence consisted of discovery answers stating that UMC could neither confirm nor deny that Goodwill was providing lawn services on September 8, 2011, but that UMC requested the services on Saturdays only. These responses were served on Mr. Babineaux on March 31, 2014, almost three months *before* the June 23, 2014 hearing on Goodwill's motion for summary judgment. Mr. Babineaux did not supplement his March 7, 2014 opposition with this information at any time, but attached it to his July 2014 motion for a new trial.

Babineaux filed a motion for a devolutive appeal of the September judgment.[2] Along with its appellee brief to this court, Goodwill filed a motion to dismiss Mr. Babineaux's appeal, asserting that the judgment denying a new trial, is a non-appealable, interlocutory judgment.

III.

**STANDARDS OF REVIEW**

"In Louisiana the trial judge has great discretion in ordering or denying new trials. Moreover, an order granting or denying a new trial is not appealable, but is reviewable under the appellate courts' supervisory jurisdiction for abuse of discretion." *Miller v. Chicago Ins. Co.*, 320 So.2d 134, 136 (La.1975). An appellate court may not set aside a trial court's findings of fact in the absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

IV.

**LAW AND DISCUSSION**

Mr. Babineaux appeals the September 2014 judgment denying him a new trial. He contends that the trial court erred in (1) not considering his written opposition to Goodwill's motion for summary judgment; and that the trial court abused its discretion in (2) denying the plaintiff a new trial where the plaintiff did not attend the hearing on the motion for summary judgment due to lack of notice.

---

[2]Through counsel, Mr. Babineaux certifies that his motion for appeal was sent to counsel of record on [Wednesday] October 29, 2014. The Deputy Clerk of Court stamped it filed on Monday, November 3, 2014, which was also the date of the court's signing of the Notice of the Appeal. November 3 is the date asserted by Mr. Babineaux in his appellate brief as the date of his motion for a devolutive appeal. But the official Notice of Appeal itself states in the body that the plaintiff brought the motion for appeal on [Friday] October 31, 2014, as does the index page at the beginning of the record on appeal.

Before addressing Mr. Babineaux's assigned errors, however, we must first address the procedural issues that have arisen in this case.

Goodwill has filed a motion to dismiss Mr. Babineaux's appeal of the judgment denying him a new trial, asserting that the judgment is an interlocutory judgment which cannot be appealed. Goodwill is correct. A judgment that does not determine the merits is an interlocutory judgment. La.Code Civ.P. art. 1841. "A judgment denying a motion for new trial is an interlocutory order, not a final appealable judgment. *Shavers v. Shavers*, 350 So.2d 912 (La.App. 3 Cir. 1977). Interlocutory judgments are not appealable, unless expressly provided by law. La.Code Civ.P. art. 2083(C)." *McClure v. City of Pineville*, 05-1460, p. 3 (La.App. 3 Cir. 12/06/06), 944 So.2d 805, 807, *writ denied*, 07-43 (La. 3/9/07), 949 So.2d 446. The appealability of a motion for a new trial is not expressly provided by law, and Mr. Babineaux points to no legislation or jurisprudentially-created rule providing otherwise.

Although the denial of a motion for new trial is generally a non-appealable interlocutory judgment, the court may consider interlocutory judgments as part of an unrestricted appeal from a final judgment. *Occidental Properties Ltd. v. Zufle*, 14-494 (La.App. 5 Cir. 11/25/14), 165 So.3d 124, *writ denied*, 14-2685 (La. 4/10/15), 163 So.3d 809. Thus, "[w]hen an appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him in addition to the review of the final judgment." *Robertson v. Doug Ashy Bldg. Materials, Inc.*, 14-141 (La.App. 1 Cir. 12/23/14), 2014 WL 7277688, fn13 (unpublished opinion) (court considered the correctness of interlocutory judgments in conjunction with the appeal of the final and appealable judgment granting a motion for summary judgment). Here, if Mr.

Babineaux had appealed the July judgment, which was a final judgment granting summary judgment to Goodwill and dismissing it from the suit, we could have included the denial of a new trial in our review of the final judgment. But, Mr. Babineaux did not appeal the July judgment.

Notwithstanding, when the pleadings and briefs on appeal indicate that an appellant actually *intended* to appeal from a final judgment on the merits, the appeal could be maintained as being taken from the judgment on the merits. *See Garrett v. City of Lake Charles*, 499 So.2d 956 (La.App. 3 Cir. 1986) (appeal dismissed where the intent was to appeal the dated judgment denying the plaintiff's motion for a new trial).

In *McClure v. City of Pineville*, 944 So.2d at 807, we dismissed the appeal and explained:

> [I]n *Fuqua v. Gulf Insurance Co.*, 525 So.2d 190 (La.App. 3 Cir.1988), *writ denied*, 546 So.2d 1216 (La.1989), this court held that where the appellant's argument on appeal indicated that he intended to appeal the judgment on the merits, not the judgment denying a motion for new trial, the inadvertence of misstating the judgment being appealed did not necessitate dismissal of the appellant's appeal, and "the appeal should be maintained as being taken from the judgment on the merits." *Id.* at 191-92, (quoting *Dural v. City of Morgan City*, 449 So.2d 1047, 1048 (La.App. 1 Cir.1984)).
>
> LWCC specified the date of the judgment being appealed, August 24, 2005, and the title of the judgment being appealed, "the Judgment denying the Motion for New Trial." Furthermore, LWCC has not asserted any argument with regard to inadvertence in its appeal of the judgment denying the motion for new trial. LWCC's actions do not indicate that it simply misstated which judgment it was appealing, and we dismiss *ex proprio motu* its appeal of the August 24, 2005 judgment denying its motion for new trial. *See Shavers*, 350 So.2d 912.

In the present case, the underlying judgment was a July 2014 final judgment granting Goodwill's motion for summary judgment and dismissing Goodwill from the suit. *See* La.Code Civ.P. art. 1915(A)(3). However, Mr. Babineaux's motion for appeal and his appellate brief do not show an intent to appeal the July 2014 judgment. Mr. Babineaux specifically asked for a devolutive appeal from the judgment signed on September 25, 2014, and mailed on September 29, 2014. More importantly, Mr. Babineaux's appellate brief did not argue the merits of the summary judgment, which involved the legal issue of whether a defendant has a duty to remove open and obvious grass clippings from the sidewalk while simultaneously mowing the grass. Mr. Babineaux's assignments of error dealt only with the new trial issues, i.e., the lack of notice issue, and the trial court's failure to consider his written opposition.[3]

As in *McClure*, Mr. Babineaux has not asserted any argument with regard to inadvertence in his appeal, either in his written brief or in counsel's oral argument before this court. We do not find that Mr. Babineaux's appeal can be considered as an appeal from the July 2014 judgment granting summary judgment to Goodwill, as he did not argue the merits upon which the judgment was granted.

Still, while an order denying a new trial is not appealable, "it is reviewable under the appellate courts' supervisory jurisdiction." *Miller v. Chicago Ins. Co.*, 320 So.2d at 136. Accordingly, where Mr. Babineaux did not have a

---

[3]There is no evidence to suggest that the trial court did not consider Mr. Babineaux's written opposition to the motion for summary judgment. Mr. Babineaux filed the opposition on March 7, 2014, for the hearing on March 10, 2014. At that hearing, the motion for summary judgment was continued and reset for June 2014. Thus, the trial court had three months to consider the opposition. The transcript for the June 23, 2014 hearing indicates that *all* the trial court did consider were the written motions and oppositions of the parties, as Goodwill did not argue its motion and memoranda either. The record reveals that the trial court granted Goodwill's motion for summary judgment at the beginning of the hearing, without argument. Goodwill did nothing more than enter its exhibits on the record.

remedy by appeal, he did have a remedy via an application for supervisory writs. "Supervisory writs may be applied for and granted in accordance with the constitution and rules of the supreme court and other courts exercising appellate jurisdiction." La.Code Civ.P. art. 2201. It is within the discretion of the appellate courts to *convert* an appeal to an application for supervisory writs in a civil case. La.Const. art. 5, § 10; *Stelluto v. Stelluto*, 05-74 (La. 6/29/05), 914 So.2d 34.

Appellate courts have exercised their discretion to convert the appeal if the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Uniform Rules—Courts of Appeal, Rule 4-3. *See Delahoussaye v. Tulane University Hosp. and Clinic*, 12-906 (La.App. 4 Cir. 2/20/13), 155 So.3d 560. *See also Rain CII Carbon, LLC v. Turner Industries Group, LLC*, 14-121 (La.App. 3 Cir. 3/19/14), 161 So.3d 689 (while the motion for appeal could be construed to be a notice of intent to seek supervisory writs, it could not be construed as a timely one where it was filed more than thirty days from the court's ruling).

Here, at the conclusion of the hearing on Mr. Babineaux's motion for a new trial, the trial court took the matter under advisement. Thus, pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, and La.Code Civ.P. art. 1914, the interlocutory judgment had to be reduced to writing and mailed to each party. Mr. Babineaux's motion for appeal, if converted to a notice of intent to file a writ application, was filed in the trial court, at best, on October 31, 2014, thirty-two days after the judgment denying the new trial was mailed by the trial court on September 29, 2014. Therefore, the motion was filed untimely for a writ application, and if we allowed the conversion, the writ application would be dismissed because of untimeliness.

7

## V.

## **CONCLUSION**

Based upon the foregoing, only the interlocutory judgment denying the new trial was appealed, and there was no demonstration of intent to appeal the underlying final judgment. There is no legislation expressly providing that the denial of a new trial is an appealable judgment, and we cannot convert this appeal to an application for supervisory writs due to untimeliness. Thus, Mr. Babineaux's appeal must be dismissed. Costs of the appeal are assessed to Joseph Babineaux.

**APPEAL DISMISSED.**