# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 15-1049


SUSANNA E. DUCKERING

VERSUS

RAPIDES HEALTHCARE SYSTEM, L.L.C.,
DBA RAPIDES REGIONAL MEDICAL CENTER

************

**APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, DOCKET NO. 250,752 "A"
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE**

************

**JAMES T. GENOVESE
JUDGE**

************

Court composed of Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.


                                          **APPEAL DISMISSED.**


**Chad P. Guillot
508 Acton Road
Post Office Drawer 158
Marksville, Louisiana 71351
(318) 253-6656
COUNSEL FOR PLAINTIFF/APPELLANT:**
    Susanna E. Duckering

**Brandon A. Sues**
**Gold, Weems, Bruser, Sues & Rundell**
**2001 MacArthur Drive**
**Post Office Box 6118**
**Alexandria, Louisiana 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Rapides Healthcare System, L.L.C.,**
      **d/b/a Rapides Regional Medical Center**

**GENOVESE, Judge.**

In this medical malpractice action, Plaintiff, Susanna E. Duckering, appeals the trial court's denial of her Motion for New Trial following the trial court's grant of a Motion for Summary Judgment on behalf of Defendant, Rapides Healthcare System, L.L.C., d/b/a Rapides Regional Medical Center (Rapides Regional).  For the following reasons, we dismiss the appeal as untimely.[1]

## FACTS AND PROCEDURAL HISTORY

Mrs. Duckering filed a medical malpractice action against Rapides Regional following treatment she received at the hospital in August of 2011.  Rapides Regional subsequently filed a Motion for Summary Judgment asserting that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law, since Mrs. Duckering had not produced any evidence that Rapides Regional breached the applicable standard of care and/or that it caused her injury. In support of its motion, Rapides Regional attached the unanimous opinion of the medical review panel, which found that "the evidence does not support the conclusion that [Rapides Regional] failed to comply with the appropriate standard of care as alleged in the complaint."  Mrs. Duckering did not file an opposition to Rapides Regional's motion, nor did she appear at the hearing or introduce any evidence in opposition to Rapides Regional's Motion for Summary Judgment. Following a hearing, the trial court granted summary judgment in favor of Rapides Regional and signed a judgment in accordance therewith on February 9, 2015, dismissing Mrs. Duckering's lawsuit with prejudice.

---

[1]Rapides Regional has not filed a motion seeking to dismiss the present appeal; however, pursuant to La.Code Civ.P. art. 2162, on its own motion, an appellate court can dismiss an appeal if "there is no right to appeal[.]"

Thereafter, Mrs. Duckering filed a Motion for New Trial, asserting therein that a new trial was warranted "in this matter for the following reasons: a Motion for Summary Judgment was granted against Plaintiff by default; undersigned counsel did not have the matter scheduled on his calendar; it would be inequitable to punish Plaintiff for undersigned counsel missing one hearing due to a clerical error." Following a hearing on March 23, 2015, the trial court denied Mrs. Duckering's Motion for New Trial and signed a judgment in accordance therewith on March 30, 2015. From said judgment, Mrs. Duckering appeals.

## ASSIGNMENT OF ERROR

In her sole assignment of error, Mrs. Duckering asserts that "[t]he trial court abused its discretion in denying Plaintiff's Motion for New Trial."

## LAW AND DISCUSSION

The judgment from which the present appeal is taken is the trial court's judgment denying Mrs. Duckering's Motion for New Trial. However, as this court recently recognized, "'A judgment denying a motion for new trial is an interlocutory order, not a final appealable judgment. *Shavers v. Shavers,* 350 So.2d 912 (La.App. 3 Cir.1977).'" *Babineaux v. Univ. Med. Ctr.*, 15-292, p. 4 (La.App. 3 Cir. 11/4/15), 177 So.3d 1120, 1123 (quoting *McClure v. City of Pineville*, 05-1460, p. 3 (La.App. 3 Cir. 12/06/06), 944 So.2d 805, 807, *writ denied*, 07-43 (La. 9/3/07), 949 So.2d 446). As this court explained in *Babineaux*, 177 So.3d at 1123:

> Although the denial of a motion for new trial is generally a non-appealable interlocutory judgment, the court may consider interlocutory judgments as part of an unrestricted appeal from a final judgment. *Occidental Properties Ltd. v. Zufle*, 14-494 (La.App. 5 Cir. 11/25/14), 165 So.3d 124, *writ denied*, 14-2685 (La. 4/10/15), 163 So.3d 809. Thus, "[w]hen an appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him in addition to the review of the final judgment." *Robertson v. Doug Ashy Bldg. Materials, Inc.*, 14-141

2

(La.App. 1 Cir. 12/23/14), 168 So.3d 556, fn. 13 (unpublished opinion) (court considered the correctness of interlocutory judgments in conjunction with the appeal of the final and appealable judgment granting a motion for summary judgment).

Thus, in this case, had Mrs. Duckering appealed the trial court's grant of summary judgment in favor of Rapides Regional, this court could have also reviewed the trial court's denial of Mrs. Duckering's Motion for New Trial. However, Mrs. Duckering did not appeal the February 9, 2015 judgment of the trial court, which granted summary judgment in favor of Rapides Regional.

Additionally, as recognized in *Babineaux*, "[W]hen the pleadings and briefs on appeal indicate that an appellant actually *intended* to appeal from a final judgment on the merits, the appeal could be maintained as being taken from the judgment on the merits." *Id.* Expounding, in *Babineaux*, 177 So.3d at 1123-24, this court stated:

> In *McClure v. City of Pineville*, 944 So.2d at 807, we dismissed the appeal and explained:
>
> > [I]n *Fuqua v. Gulf Insurance Co.*, 525 So.2d 190 (La.App. 3 Cir.1988), *writ denied*, 546 So.2d 1216 (La.1989), this court held that where the appellant's argument on appeal indicated that he intended to appeal the judgment on the merits, not the judgment denying a motion for new trial, the inadvertence of misstating the judgment being appealed did not necessitate dismissal of the appellant's appeal, and "the appeal should be maintained as being taken from the judgment on the merits." *Id.* at 191-92, (quoting *Dural v. City of Morgan City*, 449 So.2d 1047, 1048 (La.App. 1 Cir.1984)).

The record in this case does not indicate any such intention on the part of Mrs. Duckering. To the contrary, her sole assignment of error and the discussion in her appellate brief address only the trial court's denial of her Motion for New Trial, and she did not simply mistakenly identify the judgment being appealed. Therefore, we do not consider the present appeal as an appeal of the trial court's

3

February 9, 2015 judgment granting Rapides Regional's Motion for Summary Judgment.

Although the judgment denying the Motion for New Trial is not appealable, this court, as we did in *Babineaux*, has also considered the possibility of converting the present appeal into a writ for our consideration. "[W]hile an order denying a new trial is not appealable, 'it is reviewable under the appellate courts' supervisory jurisdiction.' *Miller v. Chicago Ins. Co.*, 320 So.2d [134, 136 (La.1975)]." *Id.* at 1124. "'Supervisory writs may be applied for and granted in accordance with the constitution and rules of the supreme court and other courts exercising appellate jurisdiction.' La.Code Civ.P. art. 2201." *Id.* Additionally, "It is within the discretion of the appellate courts to *convert* an appeal to an application for supervisory writs in a civil case. La. Const. art. 5, § 10; *Stelluto v. Stelluto*, 05-74 (La. 6/29/05), 914 So.2d 34." *Id.*

Although we recognize the foregoing, we are precluded from converting the present appeal into an application by Mrs. Duckering for supervisory writs, because it would also be untimely.

> Appellate courts have exercised their discretion to convert the appeal if the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Uniform Rules—Courts of Appeal, Rule 4-3. *See Delahoussaye v. Tulane University Hosp. and Clinic*, 12-906 (La.App. 4 Cir. 2/20/13), 155 So.3d 560. *See also Rain CII Carbon, LLC v. Turner Industries Group, LLC*, 14-121 (La.App. 3 Cir. 3/19/14), 161 So.3d 688 (while the motion for appeal could be construed to be a notice of intent to seek supervisory writs, it could not be construed as a timely one where it was filed more than thirty days from the court's ruling).

*Id.* at 1124-25.

In this case, the trial court denied Mrs. Duckering's Motion for New Trial at the hearing on March 23, 2015, the concomitant judgment was signed on

4

March 30, 2015, and the notice of judgment was mailed to the parties on April 7, 2015. Mrs. Duckering's Petition for Appeal was faxed to the trial court on May 29, 2015, and filed of record on June 2, 2015. Since her Petition for Appeal was not filed within the requisite thirty-day time period for supervisory writs, even if we were to convert her appeal to an application for supervisory writs, the writ application would likewise require a dismissal for untimeliness.

## CONCLUSION

For the reasons set forth herein, the trial court's judgment denying Mrs. Duckering's Motion for New Trial is not a final appealable judgment. The record and briefs to this court do not demonstrate Mrs. Duckering's intent to appeal the trial court's grant of Rapides Regional's Motion for Summary Judgment. This court is unable to convert her Petition for Appeal into an application for supervisory writs, because it was not timely filed. Therefore, we dismiss Mrs. Duckering's appeal. Costs of this appeal are assessed to Susanna E. Duckering.

**APPEAL DISMISSED.**