NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 16-628

BRYAN REED

VERSUS

COWBOY'S WESTERN STORE AND TRAILER SALES, INC., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20132661
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

**********

D. KENT SAVOIE

JUDGE

**********

Court composed of Jimmie C. Peters, John E. Conery, and D. Kent Savoie, Judges.

APPEAL DISMISSED.

Raymond C. Jackson, III
Allen & Gooch
Post Office Box 81129
Lafayette, LA 70598=1129
(337) 291-1000
COUNSEL FOR DEFENDANTS/APPELLEES:
    Cowboy's Saloon, L.L.C.
    Larry Bacque, Sr.

Jeffrey A. Rhoades
Swift & Rhoades
Post Office Box 53107
Lafayette, LA 70502-3107
(337) 572-9877
COUNSEL FOR DEFENDANTS/APPELLEES:
    Cowboy's Saloon, L.L.C.
    Larry Bacque, Sr.

**James Allen Lochridge, Jr.**
**Voohies & Labbe**
**Post Office Box 3527**
**Lafayette, LA 70502-3527**
**(337) 232-9700**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Larry Bacque, II**
     **Bac Three, Inc.**

**D. Patrick Daniel, Jr.**
**Daniel & Associates**
**2409 Commerce St.**
**Houston, TX 77003**
**(713) 589-3539**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Bryan Reed**

**Robert D. Felder**
**Davidson, Meaux, Sonnier**
**810 S. Buchanan Street**
**Lafayette, LA 70501**
**(337) 237-1660**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Founders Insurance Company**

**Blake W. Bourgeois**
**Galloway, Tompkins, Burr**
**701 Poydras St., 40th Fl.**
**New Orleans, LA 70139**
**(504) 525-6802**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Essex Insurance Company**

**SAVOIE, Judge.**

Upon the lodging of the record in this matter, this court issued, on its own motion, a rule for the plaintiff-appellant to show cause, by brief only, why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling. For the reasons assigned, we dismiss the appeal without prejudice.

This suit arises out of a vehicular collision. In the course of the litigation, the defendants-appellees, Larry Bacque and Bac Three, Inc., doing business as Cowboys Nightclub, filed a motion for summary judgment. Defendant-appellee, Cowboy's Saloon, LLC, also filed a motion for summary judgment. By a written judgment signed on March 7, 2016, the trial court granted the motions, thereby dismissing the plaintiff's claims against these defendants. Afterwards, on June 2, 2016, the trial court signed a new judgment dismissing these defendants and their insurers from the suit.

Prior to the hearing on the motions for summary judgment, though, the plaintiff sought to file a sur-reply in opposition to the motions of summary judgment. On the date of the hearing on the motions for summary judgment, the trial court refused to consider the motion for leave to file the sur-reply. The trial court signed an order on April 10, 2016, with the handwritten notation, "This was not on the docket and not considered for that reason." The plaintiff filed a motion to appeal this ruling.

As stated above, this court issued a rule for the plaintiff to show cause why the appeal from the ruling refusing to consider the motion for leave to file the sur-reply should not be dismissed as having been taken from a non-appealable, interlocutory order. The plaintiff has filed a response to this court's rule, and the defendants have filed memoranda, as well.

In the response filed by the plaintiff, the plaintiff asserts "[a]s soon as the trial court granted Defendants' Motion for Summary Judgment on March 7, 2016[,] any

judgments that preceded and/or followed were no longer interlocutory but became part of a final judgment." This is an incorrect statement of the law.

As explained recently by this court in *Duckering v. Rapides Healthcare System*, 15-1049, pp. 3-6 (La.App. 3 Cir. 3/2/16), 187 So.3d 548, 550-51:

> The judgment from which the present appeal is taken is the trial court's judgment denying Mrs. Duckering's Motion for New Trial. However, as this court recently recognized, "'A judgment denying a motion for new trial is an interlocutory order, not a final appealable judgment. *Shavers v. Shavers*, 350 So.2d 912 (La.App. 3 Cir.1977).'" *Babineaux v. Univ. Med. Ctr.*, 15-292, p. 4 (La.App. 3 Cir. 11/4/15), 177 So.3d 1120, 1123 (quoting *McClure v. City of Pineville*, 05-1460, p. 3 (La.App. 3 Cir. 12/06/06), 944 So.2d 805, 807, *writ denied*, 07-43 (La.3/9/07), 949 So.2d 446). As this court explained in *Babineaux*, 177 So.3d at 1123:

>> Although the denial of a motion for new trial is generally a non-appealable interlocutory judgment, the court may consider interlocutory judgments as part of an unrestricted appeal from a final judgment. *Occidental Properties Ltd. v. Zufle*, 14-494 (La.App. 5 Cir. 11/25/14), 165 So.3d 124, *writ denied*, 14-2685 (La.4/10/15), 163 So.3d 809. Thus, "[w]hen an appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him in addition to the review of the final judgment." *Robertson v. Doug Ashy Bldg. Materials, Inc.*, 14-141 (La.App. 1 Cir. 12/23/14), 168 So.3d 556, fn. 13 (unpublished opinion) (court considered the correctness of interlocutory judgments in conjunction with the appeal of the final and appealable judgment granting a motion for summary judgment).

> Thus, in this case, had Mrs. Duckering appealed the trial court's grant of summary judgment in favor of Rapides Regional, this court could have also reviewed the trial court's denial of Mrs. Duckering's Motion for New Trial. However, Mrs. Duckering did not appeal the February 9, 2015 judgment of the trial court, which granted summary judgment in favor of Rapides Regional.

> Additionally, as recognized in *Babineaux*, "[W]hen the pleadings and briefs on appeal indicate that an appellant actually intended to appeal from a final judgment on the merits, the appeal could be maintained as being taken from the judgment on the merits." *Id.* Expounding, in *Babineaux*, 177 So.3d at 1123-24, this court stated:

>> In *McClure v. City of Pineville*, 944 So.2d at 807, we dismissed the appeal and explained:

>>> [I]n *Fuqua v. Gulf Insurance Co.*, 525 So.2d 190 (La.App. 3 Cir.1988), *writ denied*, 546 So.2d 1216 (La.1989), this court held that where the appellant's argument on appeal indicated

that he intended to appeal the judgment on the merits, not the judgment denying a motion for new trial, the inadvertence of misstating the judgment being appealed did not necessitate dismissal of the appellant's appeal, and "the appeal should be maintained as being taken from the judgment on the merits." *Id.* at 191-92, (quoting *Dural v. City of Morgan City*, 449 So.2d 1047, 1048 (La.App. 1 Cir.1984)).

The record in this case does not indicate any such intention on the part of Mrs. Duckering. To the contrary, her sole assignment of error and the discussion in her appellate brief address only the trial court's denial of her Motion for New Trial, and she did not simply mistakenly identify the judgment being appealed. Therefore, we do not consider the present appeal as an appeal of the trial court's February 9, 2015 judgment granting Rapides Regional's Motion for Summary Judgment.

Although the judgment denying the Motion for New Trial is not appealable, this court, as we did in *Babineaux*, has also considered the possibility of converting the present appeal into a writ for our consideration. "[W]hile an order denying a new trial is not appealable, 'it is reviewable under the appellate courts' supervisory jurisdiction.' *Miller v. Chicago Ins. Co.*, 320 So.2d [134, 136 (La.1975)]." *Id.* at 1124. "'Supervisory writs may be applied for and granted in accordance with the constitution and rules of the supreme court and other courts exercising appellate jurisdiction.' La.Code Civ.P. art. 2201." *Id.* Additionally, "It is within the discretion of the appellate courts to convert an appeal to an application for supervisory writs in a civil case. La.Const. art. 5, § 10; *Stelluto v. Stelluto*, 05-74 (La.6/29/05), 914 So.2d 34." *Id.*

Although we recognize the foregoing, we are precluded from converting the present appeal into an application by Mrs. Duckering for supervisory writs, because it would also be untimely.

Appellate courts have exercised their discretion to convert the appeal if the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Uniform Rules—Courts of Appeal, Rule 4–3. *See Delahoussaye v. Tulane University Hosp. and Clinic*, 12-906 (La.App. 4 Cir. 2/20/13), 155 So.3d 560. *See also Rain CII Carbon, LLC v. Turner Industries Group, LLC*, 14-121 (La.App. 3 Cir. 3/19/14), 161 So.3d 688 (while the motion for appeal could be construed to be a notice of intent to seek supervisory writs, it could not be construed as a timely one where it was filed more than thirty days from the court's ruling).

Id. at 1124-25.

In this case, the trial court denied Mrs. Duckering's Motion for New Trial at the hearing on March 23, 2015, the concomitant judgment was signed on March 30, 2015, and the notice of judgment was mailed to the parties on April 7, 2015. Mrs. Duckering's Petition for Appeal was

faxed to the trial court on May 29, 2015, and filed of record on June 2, 2015. Since her Petition for Appeal was not filed within the requisite thirty-day time period for supervisory writs, even if we were to convert her appeal to an application for supervisory writs, the writ application would likewise require a dismissal for untimeliness.

In the instant appeal, the plaintiff has sought an appeal from a ruling which does not determine the merits of this case, in whole or in part; therefore, the ruling is interlocutory. La.Code Civ.P. art. 1841. The plaintiff has filed his brief on the merits of this appeal, and the brief clearly shows that the plaintiff is seeking review of only the denial of the motion for leave to file the sur-reply.

The plaintiff asserts in the brief filed in response to this court's rule that without the right to appeal this judgment, the plaintiff will be left without an appellate remedy. This is also incorrect. As set forth by this court in *Duckering*, the plaintiff can assign the trial court's refusal to consider the motion for leave to file his sur-reply brief as error in the unrestricted appeal from the final, appealable judgment granting summary judgment. In fact, this court currently has appeals by plaintiff from the judgments granting summary judgment pending in this court, and in one of these appeals, the plaintiff assigned the denial of the motion for leave as error.

Finally, similar to the facts of *Duckering*, in the instant case, the plaintiff's motion and order for appeal from the interlocutory ruling was filed beyond the time period for seeking review by supervisory writs. Therefore, in addition to the fact that the plaintiff has the available remedy of assigning the denial of the motion for leave as error in the appeals from the granted summary judgments, we decline to convert this appeal into an application for supervisory writs as the application would be dismissed as untimely. Accordingly, we dismiss the instant appeal, without prejudice, at plaintiff's cost.

**APPEAL DISMISSED.**

4