# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-374

**B.D.**

**VERSUS**

**M.T.**

\*\*\*\*\*\*\*\*\*\*

ON WRIT OF REVIEW FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2020-10864
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## CHARLES G. FITZGERALD
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, Jonathan W. Perry and Charles G. Fitzgerald, Judges.

Cooks, S., Chief Judge, concurs and assigns written reasons.

**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT; WRIT DENIED.**

**Jennifer O. Robinson**
**Law Offices of Jennifer O. Robinson**
**345 Doucet Road, Suite 219**
**Lafayette, Louisiana  70503**
**(337) 237-0503**
**Counsel for Defendant/Appellant:**
     **M.T.**

**Anthony J. Fontana, Jr.**
**Attorney at Law**
**210 North Washington Street**
**Abbeville, Louisiana  70510**
**(337) 898-8332**
**Counsel for Plaintiff/Appellee:**
     **B.D.**

**FITZGERALD, Judge.**

The issue before us is whether an avowal action was timely filed under La.Civ.Code art. 198.

On March 17, 2016, M.T. (the Mother) gave birth to J.S.G.[1] Nearly five years later, B.D. filed a petition to establish paternity, alleging that he was J.S.G.'s biological father. In response, the Mother filed several exceptions, including the peremptory exceptions of peremption and no right of action.

The hearing on the exceptions was limited to the arguments of counsel. After listening to the arguments, the trial court overruled the exceptions in open court. A written judgment was signed on March 9, 2021. This appeal by the Mother followed.

In her sole assignment of error, the Mother asserts that the trial court erred in overruling her "Exception of Peremption/Prescription and/or No Right of Action[.]"

## LAW AND ANALYSIS

### Subject Matter Jurisdiction

A trial court judgment that overrules an exception, as in the case before us, is not a final judgment. *Barnett & Assoc., LLC v. Whiteside*, 20-362 (La.App. 5 Cir. 12/11/20), 308 So.3d 1218. Rather, it is a non-appealable interlocutory judgment. *Id*. We therefore lack appellate jurisdiction.

The proper procedural vehicle to seek review of a non-appealable interlocutory judgment is an application for supervisory writ. La.Code Civ.P. art. 2201. While this court has the discretion to convert the appeal of an interlocutory judgment into an application for supervisory writ, this should only be done if the motion for appeal has been filed within the thirty-day period allowed for the filing

---

[1] The initials of the parties and minor child are used pursuant to Rules 5–1 and 5–2 of the Uniform Rules of Louisiana Courts of Appeal.

of a writ application. *Duckering v. Rapides Healthcare Sys.*, 15-1049 (La.App. 3 Cir. 3/2/16), 187 So.3d 548. *See also* Uniform Rules—Courts of Appeal, Rule 4–3.

The trial court here overruled the Mother's exceptions in open court on February 24, 2021. The ruling was reduced to a written judgment signed on March 9, 2021. Notice of signing was mailed on March 15, 2021. And the very next day, on March 16, 2021, the Mother filed her motion for appeal. Because the Mother filed her motion for appeal within thirty days of notice of judgment, we will convert her appeal into an application for supervisory writ.

### *Exception of Peremption*

The objection of peremption is raised by the peremptory exception. La.Code Civ.P. art. 927(A)(2). "Peremption has been likened to prescription; namely, it is prescription that is not subject to interruption or suspension." *Rando v. Anco Insulations, Inc.*, 08-1163, 08-1169, p. 20 (La. 5/22/09), 16 So.3d 1065, 1082.

Importantly, the rules governing the burden of proof as to prescription also apply to peremption. *Id*. This means that the burden of proving prescription or peremption "lies with the party asserting it unless the plaintiff's claim is barred on its face, in which case the burden shifts to the plaintiff." *Bailey v. Khoury*, 04-620, p. 9 (La. 1/20/05), 891 So.2d 1268, 1275 (citation omitted).

At the hearing on the exception of prescription or peremption, evidence may be introduced to support or to controvert the exception. La.Code Civ.P. art. 931. "If no evidence is introduced, then the reviewing court simply determines whether the trial court's finding was legally correct." *Dugas v. Bayou Teche Water Works*, 10-1211, pp. 4-5 (La.App. 3 Cir. 4/6/11), 61 So.3d 826, 830. "In the absence of evidence, the exception of prescription [or peremption] must be decided on the facts alleged in the petition, which are accepted as true." *Denoux v. Vessel Mgmt. Servs.,*

2

*Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88.

Here, the record is clear that no evidence was introduced at the hearing on the Mother's exception of peremption. Therefore, the standard of our review is de novo; and in determining the appropriateness of the trial court's judgment, we will limit our review to the facts alleged in B.D.'s petition, and the alleged facts will be accepted as true.

In his petition, B.D. pleads a cause of action under La.Civ.Code art. 198. That article states:

> A man may institute an action to establish his paternity of a child at any time except as provided in this Article. The action is strictly personal.
>
> If the child is presumed to be the child of another man, the action shall be instituted within one year from the day of the birth of the child. Nevertheless, if the mother in bad faith deceived the father of the child regarding his paternity, the action shall be instituted within one year from the day the father knew or should have known of his paternity, or within ten years from the day of the birth of the child, whichever first occurs.
>
> In all cases, the action shall be instituted no later than one year from the day of the death of the child.
>
> The time periods in this Article are *peremptive*.

*Id*. (emphasis added).

Article 198 establishes one of the five separate causes of action that are relevant to the filiation of a child. The action under Article 198 is commonly referred to as the avowal action. The avowal action is brought by a man to prove his paternity of a child. The action may be filed at any time unless (1) the child is presumed to be the child of another man, or (2) the child has died. These two circumstances are respectively addressed in paragraphs two and three of Article 198. And if either circumstance is established, the filing of the avowal action becomes subject to a

3

peremptive time period. *Id.*

Turning back to B.D.'s petition. The petition states that B.D. believes he is J.S.G.'s biological father. The petition also contains the facts that support B.D.'s belief as to his paternity. On the other hand, the petition does not allege any facts that would trigger the peremptive time periods in paragraphs two or three of Article 198. Therefore, on the face of the petition, B.D.'s avowal action is not barred, meaning that the Mother had the burden of proving peremption at the hearing on this exception.

Before going further, it bears repeating that no evidence was introduced at the hearing on this exception. No witnesses were called to testify; no exhibits were admitted into evidence; and no stipulations of fact were recited to the court.

The Mother nevertheless asserts in her writ application that the minor child is presumed to be the child of another man, thereby triggering the one-year peremptive period set forth in paragraph two of Article 198. In support, she points to documents attached to her trial memorandum, including a copy of the child's birth certificate.[2] However, documents attached to a trial memorandum do not constitute record evidence that can be considered in our de novo review. *Denoux*, 983 So.2d 84.

In short, the Mother failed to meet her burden of proving that B.D.'s avowal action was untimely. The trial court correctly overruled the Mother's peremptory exception of peremption.

---

[2] At the time of J.S.G.'s birth on March 17, 2016, the signing of the birth certificate by the father was a means of accomplishing a formal acknowledgment of a child. La.Civ.Code art. 196 (2006).

*Exception of No Right of Action*

"When the facts alleged in the petition provide a remedy under the law to someone, but the plaintiff who seeks the relief is not the person in whose favor the law extends the remedy, the proper objection is no right of action, or want of interest in the plaintiff to institute the suit." *Howard v. Administrators of Tulane Educ. Fund*, 07-2224, p. 16 (La. 7/1/08), 986 So.2d 47, 59.

The objection of no right of action—like the objection of peremption—is raised by the peremptory exception. La.Code Civ.P. art. 927(A)(6). And here too, because no evidence was introduced at the hearing on this exception, the appropriate standard of review is de novo. *Distributors Corp., Inc. v. LUBA Workers' Comp.*, 13-0749 (La. 10/15/13), 144 So.3d 825.

To this end, "An appellate court considering an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person." *Id.* at 833.

As noted previously, B.D.'s petition states a valid cause of action under La.Civ.Code art. 198: B.D. believes he is J.S.G.'s biological father based on certain facts, and all this is alleged in the petition. In addition, "the avowal action is strictly personal to the alleged father." La.Civ.Code art. 198 cmt. (a). The essence of the avowal action is that an alleged biological father, such as B.D., has a legal interest in establishing his paternity of a child. Thus, on the face of the petition, B.D. has a legal right to bring the avowal action, meaning that the Mother had the burden of proving otherwise at the hearing on her exception. But without supporting evidence, the Mother failed to meet her burden of proof.

In sum, the trial court correctly overruled the Mother's peremptory exception of no right of action.

**DECREE**

The application for supervisory writ filed by M.T. is denied. All costs associated with the writ application are assessed to M.T.

**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT; WRIT DENIED.**

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**21-374**

**B.D.**

**VERSUS**

**M.T.**

**Cooks, S., Chief Judge, concurring with reasons.**

Chief Judge Cooks joins the majority and writes separately to emphasize that the trial court delayed the proceedings to give M.T. an opportunity to testify but she did not appear at the hearing to offer testimony in support of her exception. M.T.'s recitation in her exception that she 'offers, files, and introduces the following Exhibits in support of the motion' included the purported offering of J.S.G.'s birth certificate. At the hearing, none of M.T.'s referenced documents were in fact formally submitted for acceptance and inclusion into the record of the proceedings.